Opinion of the court delivered by
Judge Whyte.
At the July term of the circuit court of Warren county, 1827, Ainsworth recovered a judgment in Trover against Puckett and M’Mahan, for the sum of $215 damages and cost. The record states the defendants prayed an appeal in the nature of a writ of error to this court, and that to them it is allowed, on their giving bond and security as the law directs. Then follows this entry:
Ainsworth vs. Robert Pucket and M’Mahan. This day came Robert Pucket, by his counsel, and his co-defendants, Wm. M’Mahan, being solemnly called on to come into court, and join with said defendant, Robert Puckett, in a writ of error to the supreme court at Sparta on the *255 second Monday of August 1828, came not, but made default. Whereupon it is ordered by the court, that a sev- ■ erance take place, and that said Robert Puckett go alone.
The cause came up to this court upon the appeal in error, and was docketed, Puckett vs. Ainsworth. This court was of opinion there was no error in rendering the judgment in the circuit court. The clerk now requests the court for instructions to make the entry on his minutes. Taking this as a case where one of two defendants takes a writ of error, assigns errors, and there is a join-der in error thereon in this court, and where the courtis of opinion there is no error, the judgment of this court must be, that the judgment of the court below be affirmed, and that the defendant in error, Ainsworth, recover of Puckett, the plaintiff in error, the sum of f 215 damages and his costs, (being the judgment rendered below) for which judgment and costs he was made liable by the judgment below. This is complying with the act of 1809, by which this courtis required to pass such judgment, decision or decree, as the circuit court should have passed, when the judgment of the circuit court shall be reversed or affirmed by it. A judgment cannot be given here against the other defendant below, M’Mahan, because he is not before this court. Not being a party to the suit, and Puckett being the sole plaintiff in error. The present effect of the affirmance of the judgment below and rendering the same judgment by this court, entitles the defendant in error to have another judgment against the plaintiff in error, and his security or bail in error for his damages and costs, which damages and costs are the 12i per cent on the sum recovered in the circuit court, and the costs of this court on the appeal in error; — which damages of 12i per cent and costs of this court, only, can be rendered against the plaintiff in error, and his bail, upon the bond entered into by them, and making it apart of the record of the suit in error, by the act of assembly. This last j udgment does not effect the other defendant, M’Mahan, because he is no party to the writ of error; and judgment cannot be given against one who is not before the court.
*256 But M’Mahanis liable to the judgment of the circuit cour[-? ¡n the same manner and to the same extent as before the writ of error was taken by his co-defendant, Puckett, he, M’Mahan, did not complain of it, but acquiesced in it, and it remained, after the error by Puckett, in full force against him, the same as before, with respect to any influence the writ of error or appeal in error had upon it — and the plaintiff below, or defendant in error, might have sued out his execution thereon at any time, if not otherwise restrained. It appears, however, in the present case, that the parties have chosen to consider the taking of the writ of error by one, as a supercedeas to the judgment below.
To discharge this, let a procedendo he awarded to the circuit court, to proceed in the judgment'so rendered by them.