SHUEY *v.* FRIERSON *et al.*

(*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

M. A. PEEBLES, of Columbia, for plaintiff.

W. S. FLEMING, of Columbia, for petitioner here.

MARINE W. BLEDSOE, of Columbia, for the Friersons, lessors.

HUGH T. SHELTON, of Columbia, for City of Columbia.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit was brought by Mrs. Shuey to recover damages for personal injuries sustained by her in an accident on the sidewalk in front of the Frierson Building in Columbia. Mrs. Shuey sued the Friersons, the owners and lessors of the building; E. H. Ayers, the lessee in possession and control of it; and the City of Columbia, the authority in control of the streets.

The Frierson Building fronted on a public street, its front wall abutting on the sidewalk. At the front entrance there was a screen door which in opening swung outward across the sidewalk. As Mrs. Shuey was walking along the sidewalk she was violently struck and knocked down by this screen door, when it was suddenly and forcibly pushed open by a person coming out of the building. As a result of thus being knocked down she suffered the injuries sued for.

It was the contention of the plaintiff that the door thus opening outward over the sidewalk was an unauthorized obstruction of the public highway and so dangerous to passers-by as to be a public nuisance; that the lessee was liable for maintaining this nuisance; that the lessors were also liable for creating it; and that the City of Columbia was likewise liable for permitting it to be maintained by the lessee.

The jury before whom this case was tried rendered a verdict in favor of the plaintiff against the City of Columbia and the lessors, Friersons, for $2,100. The jury though rendered a verdict in favor of the defendant, lessee, Ayers. Upon appeal the Court of Appeals reversed the judgment as to the City because the City had no notice of the door opening outward over the sidewalk. The Court of Appeals likewise reversed the judgment as to the lessors, Friersons, because of the inconsistency of the verdict, that is, the jury having rendered a verdict in favor of the lessee could not then render a verdict against the lessors. This reversal on behalf of the lessors was based on our case of *Loveman Co.* v. *Bayless*, 128 Tenn. 307, 160 S. W. 841, Ann. Cas. 1915C, 187, wherein it was held that where the master is sued under the doctrine of respondeat superior for a wrong of his servant, a verdict in favor of the servant

entitles the master to a discharge from liability. The Court in that case saying: "The principle is firmly established in even a wider application, as, for example, cases involving lessor and lessee sought to be held liable on the same cause of action". 128 Tenn. at page 314, 160 S. W. at page 842.

The Court of Appeals, thereupon, reversed the case and remanded it to the lower court for a new trial as to the lessor and the lessee. The lessee, petitioner here, then filed a petition to rehear in the Court of Appeals wherein the lessee set up the fact that he was not a party to the appeal and did not appear in the Court of Appeals and asked that this judgment remanding the case for trial as to the lessee be corrected. The Court of Appeals in treating this petition to rehear said:

"We agree with petitioner that he was no party to the appeal in error and not before the Court, and that the Court had no jurisdiction to make any adjudication as to him. Nor did the Court undertake to make any such adjudication. We merely pointed out the fact upon the record that no judgment had been entered as to him and the case was undetermined and still pending as to him. Further, it may be observed that petitioner is still in the same status. Not being a party to the appeal in error he is not now before the Court, and we have no jurisdiction of his petition.

Though he was not before the Court, the question of the validity of the verdict was. The lessors, plaintiffs in error, properly made that question here; and, for reasons stated in the opinion, we held that the verdict was void so that no judgment could be entered thereon.

"Since the verdict in this case was void it could not be the foundation of any valid judgment. The same reasons which condemned the judgment entered on the verdict

against the lessors, plaintiffs in error, would equally apply to any judgment entered on the verdict in favor of the lessee, including the nunc pro tunc judgment.''

After the judgment of the Court of Appeals was rendered the lessee, petitioner here, secured a nunc pro tunc judgment in the Circuit Court and attempted to file it along with his petition to rehear in the Court of Appeals. This is the nunc pro tunc judgment which is referred to in the portion of the Court of Appeals opinion above quoted.

After the case was fully heard and submitted to the jury in the trial court the jury returned a verdict in the court and on this verdict the following order was entered.

''After hearing all the proof offered in the case, the argument of Counsel and receiving the charge of the Court, the Jurors aforesaid upon their oaths retired to consider their verdict.

''After taking time to consider their verdict, the Jurors aforesaid upon their oaths aforesaid, returned into open Court and said, 'We, the Jury find in favor of the Defendant, Mr. E. H. Ayers, E. N. Haywood, Foreman.' 'We the Jury find in favor of the Plaintiff and against the Defendant, Miss Eleanor Frierson, John W. Frierson, Bradley M. Frierson and the City of Columbia and fix the amount of recovery at $2100.00. E. N. Haywood, Foreman.'

''Whereupon Counsels for the Defendants moved the Court for permission to file Motion for a new Trial which was granted by the Court.''

Following the entry of this order on the verdict of the jury the City of Columbia and the Friersons, the lessors, filed motions for a new trial. Both motions for a new trial were overruled and the defendants, City of Columbia and lessors appealed to the Court of Appeals result-

ing in the action by the Court of Appeals as above indicated.

The lessee, Mr. E. H. Ayers, now files a petition for certiorari wherein the clear and single proposition is made that the jury found in favor of this lessee, Mr. E. H. Ayers, and a verdict was rendered on this finding of the jury and that no motion for a new trial as to the finding of the jury as to him was made by the plaintiff or anyone else and thus no motion having been made and the term of court having ended he considered that he had won the case and forgotten all about it until the Court of Appeals reversed as to the other two defendants and remanded the case for trial again as to the lessee.

In the first place when the judgment was rendered on the verdict and this judgment entered on the verdict of the jury and nothing then was done about the verdict as to this lessee, within the term or within thirty days thereafter or within the time that the rules of court allow a motion for new trial to be filed, then this became a final judgment as to the lessee, Ayers. Does the fact that the other defendants who were cast in this lawsuit, filed motions for new trial and their motions are sustained by the appellate court, constitute a reversal of the verdict of the jury as to the lessee under the situation here presented?

Ordinarily "where the verdict is reasonably plain and lawful it becomes the basis of the judgment and no other fact than the return of the verdict need be recited." Tennessee Procedure and Law Cases, Sec. 1727, page 687.

"At common law there was always an interval between the entry of the verdict and the entry of the judgment within which time the motion for new trial could be made. There is no interval under our practice. There-

fore the judgment is only quasi final until after the expiration of 30 days from this entry; that is, *its finality is conditioned upon the absence of the entry of a motion for new trial within that time,* and its subsequent sustainment by the court, or, we may add, the motion in arrest of judgment, or motion for a judgment non obstante veredicto.'' *Louisville & N. R. Co.* v. *Ray*, 124 Tenn. 16, 26, 134 S. W. 858, 860.

This is a correct statement of our practice. It would seem therefore, that when the judgment of the jury is recorded as it was in this case on the minutes of the court and no motion for a new trial was made as to the verdict of the jury in favor of the lessee that then this judgment became final as to this lessee, in the absence of a motion for new trial or other action on behalf of the party plaintiff who had lost his lawsuit against the lessee, Ayers, the petitioner here. This entry of this judgment is merely deficient in that it did not go on and award execution as to the plaintiffs insofar as the costs were concerned as to making Ayers a party defendant. But in the case where others are sued and a judgment rendered against them and the parties have a chance or a right to make a motion for a new trial it would hardly seem necessary that any other judgment be rendered herein. The judgment rendered by the jury might be void for the legal reasons as stated by the Court of Appeals as to the City and the lessors but merely holding that such judgment was void for the legal reasons therein stated certainly does not make the separate return of the jury as to the lessee void unless the plaintiff complains of this judgment. This lessee, the petitioner here, has been in court and defended his rights therein and the jury after hearing the proof and the charge of the court has found in favor of this lessee. It certainly

seems that it is necessary for the plaintiff who has sued this lessee to file a motion for a new trial and complain of the acts of the jury in its finding as to this lessee otherwise this judgment which was entered on the verdict and on the minutes of the court becomes final after the prescribed period.

It would be well to keep in mind that this is a lawsuit and not a chancery cause. The parties defendant sued in this lawsuit are sued as joint tort-feasors. Under Code Section 9040 any one of the parties to a judgment may appeal therefrom with the judgment remaining in full force against such of the parties who do not appeal. The authorities sustain the proposition that if one of two joint tort-feasors appeal and the other does not the judgment may be reversed as to the tort-feasor who appeals while the judgment remains in force as to the tort-feasor who does not appeal. *Puckett* v. *Ainsworth*, 9 Tenn. 254; *Smith* v. *Cunningham*, 2 Tenn. Ch. 565, 575; *Bently* v. *Hurxthal*, 40 Tenn. 378; *Boggess* v. *Gamble*, 43 Tenn. 148; *Blackburn* v. *Allen*, 4 Tenn. 31. These authorities largely deal with the question of the appellate courts entering any ruling as to a party who does not appeal. A different line of cases such as *Smith* v. *Foster*, 43 Tenn. 139; *Street Railway* v. *Gore*, 106 Tenn. 390, 61 S. W. 777; *Brown & Sons Lumber Co.* v. *Sessler*, 128 Tenn. 665, 163 S. W. 812, and some of the cases last above cited support the proposition that a judgment against a joint tort-feasor can be reversed and remanded as to one or more of the defendants without disturbing the judgment as to the others especially when that joint tort-feasor has not appealed.

For the reasons expressed we hold that the judgment entered on the verdict of the jury is final as to the lessee, Ayers, and that any disturbance thereof by the Court

of Appeals was erroneous. The judgment of the Court of Appeals in remanding the case as to the lessee, Ayers, is reversed and the case otherwise remanded in compliance with the judgment of that court. The plaintiff will be taxed with the costs of the cause in this Court.

TOMLINSON, J., not participating.