MRS. ALFRED SHUEY *v.* ELEANOR FRIERSON, JOHN W. FRIERSON, and JOHN W. FRIERSON, AS ADMINISTRATOR C. T. A. OF THE ESTATE OF BRADLEY M. FRIERSON, Deceased.

(*Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

Rehearing denied September 6, 1954.

MARINE W. BLEDSOE, of Columbia, for plaintiffs in error.

M. A. PEEBLES, of Columbia, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This cause has heretofore been before this Court and is reported in 193 Tenn. 318, 246 S. W. (2d) 28. The case when it was before us at a former time, as above stated, was merely before us on the petition of the lessee Ayers, for certiorari. There was no petition of the Friersons, lessors, who are now petitioning, and as far as we know, since the petition for certiorari was merely on behalf of Ayers, there was nothing that we could do to bring the lessors before this court. For the reasons stated in the opinion in *Shuey* v. *Frierson,* supra, the Court of Appeals was reversed as to Ayers. This left the case below against the lessors only, the Court of Appeals having

remanded it as to them. When the matter then came up for trial the second time against these lessors counsel representing the lessors moved to abate and dismiss the action against them because there had been a final judgment exonerating the lessee. The opinion of this Court in the Ayers case and that of the Court of Appeals upon which the reversal and remand was ordered by them was the basis of this motion. The trial court overruled the motion. The cause went to trial where a verdict was rendered against the lessors. Seasonably these lessors perfected their appeal to the Court of Appeals a second time and that court affirmed the verdict against the lessors on the theory that our opinion in *Shuey* v. *Frierson,* supra, was the law of the case and there was nothing that they could do about the judgment. The Friersons have seasonably filed a petition for certiorari which has been granted, argument heard and we now have the matter for determination.

Briefly this is an action for damages brought by Mrs. Shuey for personal injuries received by her when she was walking down the sidewalk in Columbia in front of the building owned by the present petitioners, the lessors, who had leased the building to one Ayers. She was struck by someone opening this door onto the sidewalk, knocking her down and seriously injuring her. The factual situation is more fully covered in the reported opinion above referred to. In the first trial of the case the jury returned a verdict in favor of the lessee Ayers, and against the lessors Friersons. There was no motion for new trial made as to Ayers and the judgment as to him eventually became final as is pointed out in the reported opinion referred to at the outset hereof. In the first opinion of the Court of Appeals, released March 30, 1951, it was said:

"In *Loveman Co.* v. *Bayless,* 128 Tenn. 307, 160 S.W. 841, Ann.Cas. 1915C, 187, it was held that where the master is sued under the doctrine of *respondeat superior* for a wrong of his servant, a verdict in favor of the servant entitles the master to a discharge from liability.

"This principle of consistency of the verdicts was applied in the recent case of *Cantrell* v. *Burnett & Henderson Co.,* 187 Tenn. 552, 216 S.W.2d 307. There plaintiff sued both the manufacturer and the vendor for a defect in the car. It was held that a verdict in favor of the vendor necessarily negatived the existence of any defect and exonerated the manufacturer from liability. In that case the Court approved *Loveman* v. *Bayless,* supra, and quoted therefrom as follows:

" ' "The principle is firmly established in even a wider application, as, for example, cases involving lessor and lessee sought to be held liable on the same cause of action.' " [187 Tenn. at] p[age] 558 [216 S.W.2d at page 310].

"As authority for the above quoted statement the Bayless case had cited *Portland Gold Mining Co.* v. *Stratton's Independence* [8 Cir.], 158 F. 63, 85 C.C.A 393, 16 L. R. A., N. S., 677, which was a case where the principle was applied by holding that a verdict for a lessee necessarily discharged the lessor."

 "In *City of Knoxville* v. *Hargis,* 184 Tenn. 262, 198 S.W.2d 555, 558, this Court quoted with approval and adopted as the correct rule of law applicable in cases of the kind now before us the following:

" 'A lessor of land who transfers the possession thereof in a condition which he realizes or should realize as involving unreasonable risk of bodily harm

to others outside the land, is subject to the same liability for bodily harm subsequently caused to them thereby as though he had remained in possession.' Re-Statement, Law of Torts, Vol. 2, p. 1013.''

Following this quotation other illustrations which hold that the lessor of land is liable for damages even though the land has been leased where the lessor prior to the lease knows or by exercise of reasonable care should know that he might be subjected to liability by reason of the negligent condition of the leased premises. This case, that is, *City of Knoxville* v. *Hargis,* supra, went on to hold that the owner of the property involved in that case was liable for the injuries received by Hargis therein from a negligent construction of an awning even though the premises had been leased to another. In view of this well-recognized rule of law which is the law as announced in the Hargis case, the Friersons would be liable in the instant case. In the case now before us the Friersons leased the property in question to Ayers with the door to the premises opening on the street contrary to a City Ordinance and it was from this negligent act of theirs in thus placing the door on the premises that caused the injuries to Mrs. Shuey. Consequently the trial court was correct, when this case was remanded, in submitting the question of negligence or the maintenance of a nuisance on behalf of the Friersons to the jury. That body has found that they were negligent and rendered a judgment against them for injuries received by Mrs. Shuey. This action on behalf of the trial court which was affirmed by the Court of Appeals must be affirmed.

Apparently this Court as well as the Court of Appeals has treated the statement in *Loveman Co.* v. *Bayless,* supra [128 Tenn. 307, 160 S. W. 842] that ''the principle is firmly established and even a wider application, as for

example, cases involving lessor and lessee sought to be held liable on the same cause of action'' as the law in this State. Upon examination of the authorities it is found that this statement was first made in *Loveman Co.* v. *Bayless* and the authority for the statement was there cited. This statement was not necessary in the Loveman case and was merely cited there by the Court as one of many illustrations of where when a servant was released that the master would likewise be released. The statement there though was purely obiter dictum as it was not necessary in the determination of the case. This Court has very recently, in the case of *Cantrell* v. *Burnett & Henderson Co.,* supra, quoted the same statement. This statement was likewise obiter dictum in the Cantrell v. Burnett & Henderson case as it was not necessary for a decision of that case.

We recognize the rule in respondeat superior cases as is so clearly laid down in *Loveman Co.* v. *Bayless,* supra, and in *Cantrell* v. *Burnett & Henderson,* supra. By what we have said last above we do not intend to in any way weaken that well-recognized rule of law. If the lessors, Friersons, in the instant case were in the position of respondeat superior to Ayers then we think that rule would here be applicable. The Friersons though are not in the position of respondeat superior to Ayers but are merely lessors of the building having leased it to Ayers in the condition that it was, they knowing of its condition, and are therefore independently liable whether or not the lessee is liable.

The evidence shows liability of the lessor on grounds other than the misconduct of the lessee and therefore the lessors may be held, notwithstanding a verdict in favor of the lessee.

■ There was ample evidence in the record to take to the jury the question of the lessors' liability. It is also insisted that the plaintiff was guilty of contributory negligence and that a verdict should have been directed by the lessors on this ground. This question of whether or not the plaintiff was guilty of contributory negligence was a question for the jury and was submitted to them under a proper charge from the court.

■ It is finally insisted that the verdict is excessive and so excessive as to indicate passion, prejudice, and unaccountable caprice on the part of the jury. It is true that the judgment of the first trial was only about one third what it is in this trial. We have given this matter considerable thought and feel that the statement, on this assignment, made by the Court of Appeals is correct. We adopt this statement which is:

"The accident happened in December, 1946. Mrs. Shuey was fifty-five or fifty-six years of age then. She was violently knocked down upon the pavement, and rendered unconscious, or semiconscious, and was picked up and carried to the office of Dr. Yeiser, who treated her for some time. She had a fractured left arm and a serious and permanent injury to her back. She was disabled to do any work for more than two years. She was a practical nurse and the earnings lost during that time amounted to more than $2,000. Following the injury to her back, arthritis developed and she has remained fifty percent or more disabled. She has suffered intense pain during all of this period and, no doubt, will continue to suffer as a result of the injuries to her back.

"The law cannot fix the amount of damages in such a case as this. It must be left primarily to the jury guided by the facts and circumstances, and much

responsibility rests on the trial judge in determining whether the amount fixed by the jury is excessive. After he has approved the verdict it is our duty not to disturb it unless it is evident that he failed to keep the jury within reasonable bounds. Upon the facts in this case we cannot say that the amount allowed is so excessive that we should disturb it by suggesting remittitur.''

After full consideration and for the reasons herein expressed we must affirm the judgment of the lower courts.

TOMLINSON, Justice, not participating.

### ON PETITION TO REHEAR.

BURNETT, Justice.

The Friersons have filed a courteous and dignified petition to rehear in this case. They say that this petition should be granted:

"(a) Because Shuey has now been granted two trials upon the same cause of action, whereas, as a matter of law, she was entitled to only one trial; and,

"(b) Because the judgment of the Circuit Court and the Court of Appeals in favor of Shuey and against the Friersons in pursuance of the second trial in the Circuit Court is affirmed, whereas, as a matter of law, the same should have been reversed and the judgment obtained by Shuey against the Friersons in pursuance of the first trial in the Circuit Court should thereupon have been reinstated and affirmed.''

In the outset we are forced to say that there is no new authority nor argument made in this petition that was not advanced and very thoroughly considered by us when the matter was before us originally. Under such circum-

stances we cannot and should not consider the matter unless we conclude that our first position was erroneous. We very thoroughly considered these arguments, that are now made, and have again considered them in view of the petition to rehear and must adhere to the original opinion herein.

A brief history of this lawsuit, it seems to us, is a sufficient answer to the errors here assigned as above quoted.

Mrs. Shuey sued the Friersons and their lessee, one Ayers, in the Circuit Court. The jury returned a verdict in favor of the lessee Ayers and against the lessors Friersons and against the City of Columbia. The Friersons and the City of Columbia appealed to the Court of Appeals where their appeal was sustained by that Court. That court likewise reinstated Mrs. Shuey's cause of action against the lessee, Ayers. Ayers alone petitioned this Court for certiorari. The certiorari was granted and the cause dismissed as to him. The Friersons did not petition for certiorari and we did not have before us the action as to them by the Court of Appeals or otherwise, neither did Mrs. Shuey petition us for certiorari. The case was remanded by the Court of Appeals for a new trial as to the Friersons. On this second trial the jury again rendered judgment against the owners of the property, the lessors, for approximately three times as much as they had given judgment at the first trial. This judgment was duly appealed to the Court of Appeals and that court affirmed and it was then that the Friersons petitioned this Court for certiorari. The petition was granted and we in a unanimous opinion affirmed that court, as is shown by the original opinion herein.

The burden of the petition to rehear is that we should now reduce the judgment against the Friersons on the second trial to the same amount as the judgment ren-

dered by the first jury. We very thoroughly considered this at some length before our original opinion was prepared and for the reasons therein stated we concluded that the present verdict was not excessive and that we should not reduce the amount of the judgment.

For the reasons herein stated the petition to rehear must be overruled.