JOHN NETHERLAND v. W. T. JOHNSON et al.

JUDGMENTS. Recitals conclusive. When. A recital of publication in a judgment at law, there being nothing in the record to contradict it, nor any bill of exceptions in the case, is as conclusive as a like recital in a decree under like circumstances.

FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger county. ———, Sp. J.

J. T. & J. K. SHIELDS for Netherland.

J. G. ROSE for Johnson.

DEADERICK, C. J., delivered the opinion of the court.

Netherland obtained a judgment at law against Jos. Johnson by proceedings commenced by original attach-

ment, which was levied upon his share of a tract of land in Grainger county, descended to him and his eight brothers and sisters from their father, Larkin Johnson, deceased. The land was sold and purchased by him, and a deed taken thereto from the sheriff. Subsequently Jos. Johnson conveyed his interest in the said land to Wm. T. Johnson, the defendant, and Netherland began his action of ejectment against said Wm. T. Johnson *et al.* to recover the interest of said Joseph Johnson in said land.

It is insisted for defendants that Netherland acquired no title to said land by reason of his attachment and proceedings thereunder and his sheriff's deed, because defendant had no notice of such proceedings, actual or constructive, and the same were therefore void. The facts are agreed on in the record, and the transcript of the proceedings in the attachment case constitute part of the record. From this it appears that the attachment was levied on the 29th of December, 1865, and on the 4th of July, 1866, Thos. Latham, clerk of the circuit court of Grainer county, after return of said attachment levied on said land, made an entry upon his rule docket of an order of publication, as required by secs. 3518, 3519 and 3520 of the Code, those sections requiring that the officer granting the attachment may at the time direct that, as soon as the attachment is levied, publication be made, in a newspaper, to appear, at a time and place to be mentioned in such publication, and defend the action, etc. But if not made at the time of the levy, then the clerk of the court, the court itself, or the

justice before whom the attachment is returned, may make such order at any time: when returned before a magistrate, to be entered on his docket and endorsed on the papers; when returned before a court, to be entered upon the minutes or rule docket of the court. The foregoing sections have reference to making an order of publication to give defendant notice, etc. The next two sections, 3521 and 3522, direct the justice or clerk to make out, "in pursuance of the order of publication," a memorandum or notice thereof, which shall contain the names of the parties, the style of the court to which the attachment is returnable, the cause for suing it out, the time and place at which defendant is required to appear and defend, etc., which memorandum or notice the clerk or justice is required to have published, etc.

It is not the "order of publication" that is to be published, but this is simply an order entered on the rule docket or minutes of the court, or on justice's docket and papers, directing that notice, prescribed in sec. 3522, shall be published. And the publication of this notice is to be proved on the trial of the cause, it not being a part of the record, unless made so by appropriate proceeding—by bill of exception or by order of the court.

Judgment by default was taken in said attachment case on the 29th of December, 1866—the judgment a year after the levy—reciting that "it appearing to the court that publication has been regularly made, and no defense has been made," etc. There is nothing in the record to contradict this recital, and if publi-

Netherland *v.* Johnson.

cation had been regularly made, the court had jurisdiction to render the judgment.

This question was fully considered in the case of *Walker* v. *Cottrell*, 6 Baxt., 257, in which numerous cases were cited in which this doctrine was held. They were chiefly, perhaps all, chancery causes, but we see no reason for making any distinction between a case at law and one in equity. A fact recited in a judgment at law, there being nothing in the record to contradict it, nor any bill of exceptions in the case, should ·be, and is as conclusive as a like recital in a decree, under like circumstances, has been held to be.

The cause was submitted by agreement to the determination of a special judge, without the intervention of a jury, and was decided in favor of the defendant, from which the plaintiff appealed.

The judgment must be reversed, and a judgment will be rendered here in favor of the plaintiff.