Duane & Co. *v.* Richardson.

DUANE & CO. *v.* RICHARDSON.

(*Knoxville.* November 17, 1900.)

1. APPEAL. *Maintainable without bill of exceptions.*

This Court will not dismiss an appeal in a law case on motion for want of bill of exceptions, but will hear and determine the case upon its merits, as presented by the record, without bill of exceptions. (*Post, p. 81.*)

2. ABATEMENT, PLEA IN. *Waived, when.*

By resisting the plaintiff's motion to transfer a case which has been returned before a Justice of the Peace of a wrong district to a Justice of the district in which the case is properly triable, the defendant waives his plea in abatement to the jurisdiction. (*Post, pp. 82–84.*)

Code construed: ₴ 5933 (S.); ₴ 4896 (M. & V.). ₴ 4121 (T. & S.).

3. SAME. *Same.*

And it is error for the Circuit Judge to submit a plea in abatement to the Justice's jurisdiction to trial by a jury where no issue has been made upon it by the plaintiff, and the defendant has waived it in the Justice's Court. (*Post, pp. 82–84.*)

FROM CARTER.

Appeal in error from Circuit Court of Carter County. H. T. CAMPBELL, J.

Duane & Co. v. Richardson:

BOREN, FOLSOM & EDENS and TIPTON & MILLER for Duane & Co.

SIMERLY & ALLEN for Richardson.

WILKES, J. This is an action of replevin commenced before a Justice of the Peace. It comes to this Court by appeal of the plaintiffs from a judgment against them in favor of the defendants, dismissing their suit.

A motion is made in this Court to dismiss the appeal upon the ground that the cause was tried before the Court and a jury and oral evidence was introduced, and the jury was charged by the Court, but no bill of exceptions was made, as appears in the transcript setting out the evidence and charge.

This motion is not well made, and is overruled. A party may appeal from the decision of the Court below without making any bill of exceptions whatever. In such cases nothing that should be included in a bill of exceptions can be looked to in this Court, but the process, pleadings, minute entries, verdict and judgment are matters properly constituting a perfect record in the absence of a bill of exceptions, and can be reviewed though there may be no bill of exceptions made or filed or incorporated in the transcript. Caruthers' History of a Lawsuit, page 334, section 279.

22 P—6

It appears from the transcript that the Justice's warrant was returned for trial in the civil district where the plaintiff resided, and not in the district where the defendant lived or the property was found. The defendant filed a plea in abatement alleging these facts, which was properly sworn to. Thereupon the plaintiffs, without replying to the plea, moved the Court to certify the papers in the cause for trial before some Justice of the Peace of the district where the defendant resided or where the property was found. This motion was resisted by the defendant, and thereupon the Justice considered the motion and plea at the same time, and overruled both and heard the case on the merits, and gave judgment for the plaintiffs for the property and costs.

The defendant thereupon appealed to the Circuit Court, where the case was submitted to a jury "upon the issues joined," as the record recites, and the jury returned a verdict that "they found the issue upon the plea in favor of the defendant and that the plea in abatement is good, and sustained the same."

There is no trial or verdict on the merits of the case, as appears from the record. The plaintiff moved the Court for new trial, upon the ground that it was error to submit the plea in abatement to the jury, and because the plea was waived by the motion of plaintiff to transfer the cause from the Justice to the proper district, and the

Duane & Co. v. Richardson.

objection made thereto by defendant, and because no issue was made up to be tried before a jury. This motion was held under advisement by the trial Judge, and at a subsequent term of the Court was overruled, and a judgment was pronounced against the plaintiff for costs, and his suit was dismissed. From this judgment there was an appeal to this Court.

We are of opinion there is error in the proceedings of the Court below.

The statute (Shannon, § 5933) provides that actions of replevin or suits commenced by attachment may be tried in any district in which any portion of the property is found. The trial Judge, it appears, was of opinion this statute was mandatory and not merely directory, and, the writ having been returned in the wrong district, the Justice of that district had no power to try the case, or to certify it to another Justice for trial. If he had been correct in this view he should simply have dismissed the suit, which is in substance what he did.

In this we think he was in error.

When the jurisdiction was questioned by the plea in abatement and the plaintiff, without replying thereto, moved to transfer the cause to another competent Justice, it should have been done. By objecting to the transfer the defendant waived his plea and objection to the jurisdiction,

and submitted to trial before the Justice of the Peace before whom the return was made.

In the Circuit Court it was error to submit the plea to the jury. There was no issue upon it. The plaintiff, by not replying to it, had admitted the truth of the facts stated in it, and in that shape there was no question of fact involved, but only a question of law, and the motion to transfer having been made the case stood in proper shape for the trial Judge to pass upon and review the action of the Justice in hearing the cause, and in declining to transfer it to another Justice for trial.

The trial Judge should have ruled that the case was properly tried by the Justice of the Peace under its status before him, and should have proceeded in the Circuit Court to try the cause upon its merits without regard to the plea.

For this error the judgment of the Court below is reversed and the cause remanded for a new trial upon the merits.

The appellee will pay the costs of the appeal.