Hood *v.* State.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

WINSTON H. PRINCE, of Cleveland, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error and one Blake Maney were indicted and convicted in the Criminal Court of Bradley County on a charge of larceny of an automobile. The automobile was stolen on the night of July 29, 1947 and was recovered the following day in the town of Hiwassee, Georgia, to which it had been taken by the plaintiff in error and his companion. The evidence offered at the trial was conclusive of the guilt of both defendants. Only Hood appealed, however, from the judgment of conviction. The only assignment upon which reliance is had for a reversal is the following:

"Section 11760.2 of Williams Tennessee Code Annotated 1947 Cumulative Pocket Supplement entitles every defendant in a Criminal prosecution to one full day after indictment or presentment before being tried for such offense. The indictment was found about 5:30 P. M. on Monday 20th of October 1947, and defendant put to trial less than 24 hours, or one full day from said date."

The statute to which specific reference is made is Chapter 200 of the Public Acts of 1947. The two sections of said Act upon which the appellant relies provides:

Section 1. "That every person accused of any crime or misdemeanor whatsoever shall be entitled to one full day after arrest and/or the return of the indictment or presentment before being tried for such offense."

504

Section 2. ''That this Act shall only apply to criminal cases in a Court of Record, and nothing in this Act shall prevent any person so indicted or presented from waiving the provisions of this Act; nor shall it apply to persons entering a plea of guilty.''

▮▮▮ The time of arrest, the return of the indictment and trial of the accused appears in the technical record. The State's warrant was issued on August 1, 1947, and the return thereon shows it was executed on August 2 by arresting R. L. Hood and, ''defendant failing to make bond within a reasonable time was committed to jail.'' The defendant was indicted by the grand jury at the following October term of court, or to be exact on October 20, 1947. He was put to trial on the following day. The assignment is without merit for two reasons: First, the defendant did not ask for a continuance, or that his case be reset for another day and thus claim the benefit of the statute. Moreover the bill of exceptions fails to show that he took any notice of the provisions of the foregoing statutes until he entered his motion for a new trial. Under the authority of *Hagood* v. *State*, 183 Tenn. 49, 50, 190 S. W. (2d) 1023, the motion for a new trial cannot be looked to for consideration and determination of any fact that is not to be found in the bill of exceptions. The trial judge will not be put in error for placing the defendant on trial where he is shown to have waived the provisions of the statute. His silence in the instant case, in the absence of any explanation, must be regarded as a waiver. Second, the statute does not guarantee ''one full day'' following return of the indictment or presentment, but to the contrary guarantees it merely following ''after arrest and/or the return of the indictment.'' The clear intent of the Legislature in passing the statute here

invoked was to give one accused of crime a reasonable time within which to prepare his defense; that he should have at least twenty-four hours, or "one full day" to consult with his counsel and have issued processes for witnesses to appear to give evidence in his behalf.

Since the meaning of the words "and/or" is indefinite and unclear (*Preble* v. *Architectural Iron Workers' Union of Chicago*, 260 Ill. App. 435) it is the duty of the Court to give the words such interpretation as will express the intention and purpose of the Legislature. *Schaffer* v. *City Bank Farmers' Trust Co.*, 239 App. Div. 531, 267 N. Y. S. 551; *Putnam* v. *Industrial Commission*, 80 Utah 187, 14 P. (2d) 973. In the present case, since it was the purpose of the Legislature only to give the accused a reasonable time to prepare for trial, we think that the words should be given the meaning of the disjunctive "or" and not the conjunctive "and". "The expression 'and/or' in this statute must be held to include the meaning to be ascribed if 'or' was used alone." *Matter of National Cash Register Co.* v. *Taylor*, 252 App. Div. 90, 93, 297 N. Y. S. 169, 172.

The plaintiff in error has suffered no injury due to being tried on the day following the return of the indictment. The record discloses that he was bound to the grand jury two months prior to the convening of the Criminal Court, during which time he had ample opportunity to consult with counsel and prepare his case for trial. Moreover we think the State is correct in its contention that "had it been the legislative intent that a person should have one full day following the return of the accusation against him, there would exist no necessity for the provision that such person should have such period of time 'after arrest'". We are constrained to

hold that the use of these words clearly discloses that it was the legislative intent that only in cases where the return of the accusation (indictment or presentment) and arrest thereon were substantially simultaneous that the accused should be granted this period of time.

The judgment of the trial court is affirmed.

All concur.