Clyde Neal, Plaintiff in Error,

*v.*

State, Defendant in Error.

(*Nashville,* December Term, 1959.)

Opinion filed April 6, 1960.

HILLARD M. ROBERTS and JOHN H. SMITH, Livingston, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The plaintiff in error, Clyde Neal, hereinafter called the defendant, was convicted for the unlawful possession of a quantity of intoxicating whisky. His punishment was fixed at a fine of $100 and 90 days' confinement in

the workhouse of Overton County. The defendant has appealed and assigned several errors.

The assignments raise 3 questions: (1) that there is no competent evidence on which a verdict of guilt could have been predicated, because the testimony of the officers is based solely upon an invalid search warrant; (2) the evidence preponderates against the correctness of the verdict and in favor of the innocence of defendant; and (3) the trial judge erred in forcing defendant to trial without giving him the benefit of the full two days allowed him by T.C.A. sec. 40-2005 and further by forcing him to trial without a material witness who could and would have been a material witness in behalf of defendant.

■ Defendant can not raise the question of the invalidity of the search warrant for the reason that he took the stand and testified that the whisky did not belong to him, that he did not put the whisky in the crib and did not know it was there until it was found by the officers. His stepson, Norman Carter, testified in behalf of defendant that he was the owner of the whisky, that he had bought it and paid $48 for 12 gallons of it and had placed it in defendant's crib, all during the interval when defendant had gone somewhere to borrow a plow or harrow.

■ Under these circumstances, the rule is applicable that when a person disclaims any interest in the premises or possessions searched, or in the article seized, he can not question the legality of the search. 79 C.J.S. sec. 60 p. 816, under Search and Seizure, wherein many cases are cited in notes 28, 29 and 30 supporting this rule. Especially see *Brubaker v. United States,* 6 Cir., 183 F.2d

894; *Parr v. United States,* 5 Cir., 255 F.2d 86; and many other cases.

 As to the preponderance of the evidence, the only witness who testified in behalf of defendant were himself and stepson. They told a rather improbable story and the jury simply did not believe them. It is too well settled that where it is simply a matter of credibility of the witnesses, the verdict of the jury is conclusive on this Court.

Referring to the last two complaints, T.C.A. sec. 40-2005 provides:

"Time before trial—Noncapital cases.—Every person accused of any crime or misdemeanor whatsoever shall be entitled to two (2) full days (Sundays and holidays excluded) after arrest and the return of the indictment or presentment before being tried for such offense."

 The record shows that the defendant was arrested on June 17, 1959, and was bound over to the State to await the action of the grand jury. On October 19, 1959, the indictment was found and the trial occurred on the following October 21.

This, of course, was not a compliance with the above statute which is in the conjunctive. The statute formerly contained the words "and/or" and it was construed to be intended in the disjunctive as though the word "or" was used alone. *Hood v. State,* 187 Tenn. 501, 216 S. W.2d 14. The statute formerly also provided for only one day. There must have been some reason for these legislative changes and we think that the Court was in error in not complying with the statute.

The essential question, however, is whether or not this error was prejudicial. We think it was not. An oral application for a continuance was made on the ground that a material witness was absent, but there was no effort made to comply with the long established rule in this State with reference to the affidavit of counsel and the client as to what the absent witness would testify to, what diligence, if any, had been used in securing his attendance, etc.; nor was there any further information about this witness disclosed to the court on the motion for new trial.

Under the circumstances disclosed by this record, we are of the opinion, therefore, that the harmless error statute applies and that no prejudice is shown.

Judgment affirmed.