EDWIN LEEK, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

392 S.W.2d 456.

(*Jackson,* April Term, 1965.)

Opinion filed May 7, 1965.

Petition for Rehearing Denied July 15, 1965.

RAY W. CHURCHILL, Memphis, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

The plaintiff in error was convicted for the offense of criminal abortion and sentenced to serve not more than four years in the State Penitentiary.

In his appeal to this Court he has made twenty assignments of error, the controlling assignments, in our opinion, being those relating to the alleged error of the trial judge in entering judgment on the verdict immediately upon its being announced by the jury, and the refusal of the trial judge to consider the plaintiff in error's motion for a new trial because it was not filed in writing within thirty days from the rendition of the judgment on the verdict.

Gilreath, Caruthers History of a Lawsuit sec. 358 (8th ed. 1955), provides that the verdict of the jury is followed by the entry of the judgment of the court. "If there be no objection interposed, the judgment follows the verdict on the record or minutes as of course."

T.C.A. sec. 18-402(3) provides that it shall be the duty of the clerk "[t]o enter up judgment of the court on its records, after the verdict of a jury."

▇ In the case of *Shuey v. Frierson*, 193 Tenn. 318, 246 S.W.2d 28 (1952), Tennessee Procedure and Law Cases, sec. 1727, page 687, was quoted with approval, said section being:

"At common law there was always and interval between the entry of the verdict and the entry of the judgment within which time the motion for new trial could be made. *There is no interval under our practice.* Therefore the judgment is only quasi final until after the expiration of 30 days from this entry; that is, its finality is conditioned upon the absence of the entry of a motion for new trial within that time, and its subsequent sustainment by the court, or, we may add, the motion in arrest of judgment, or motion for a judgment non obstante veredicto." *Louisville & N. R.*

*Co. v. Ray,* 124 Tenn. 16, 26, 134 S.W. 858, 860, 193 Tenn. at 323-324, 246 S.W.2d at 31. (Emphasis supplied).

The Court then stated that the procedure outlined above is a correct statement of our practice prevailing in this State.

The old case of *Louisville & N. Railroad Co. v. Ray,* 124 Tenn. 16, 134 S.W. 858 (1910), is probably the foundation in this State for the quotation set out above from Tennessee Procedure and Law Cases.

We conclude, therefore, that it was not error for the trial judge to enter judgment immediately after the verdict, but it was his duty to do so under the well established law, both at the ancient common law and by decisions of this Court applying the rule.

The second error of substance, as set out above, complains that the trial judge erred in refusing to hear the written motion for a new trial on the ground that it had been filed too late. Under date of April 3, 1964, the court entered an order in which it was recited:

That the defendant, Edwin Leek, indicted in Cause No. 98367, charging the offenses of Criminal Abortion and Attempt to Procure Criminal Miscarriage, which case came on for trial, on defendant's Not Guilty plea on February 10, 1964. On February 11, 1964 the jury returned its verdict finding the defendant guilty of Criminal Abortion as charged in the first count of the indictment and fixing his punishment at confinement for not more than four (4) years in the State Penitentiary at Nashville, Tennessee. Upon receipt of the jury verdict by the Court judgment was entered on the verdict; the defendant was sentenced. Counsel for the

defendant, Mr. Ray Churchill, orally moved the Court for a new trial, which hearing the Court set for April 3, 1964, and the Court at that time stated to counsel for the defendant, that his motion must be filed in writing within thirty (30) days from the date of February 11, 1964, when judgment was entered on the verdict.

It further appears from the record that defendant's motion for a new trial was not filed until March 23, 1964, which was not within thirty (30) days from the judgment on the verdict on February 11, 1964 as required by law.

It further appear that said motion for a new trial was not filed in compliance with Rule III of this Honorable Court which was published and in effect at the time this case was tried and reads as follows:

## RULE III

Motions for New Trial shall be in writing, stating the grounds therefor, and filed with the Clerk of the Court, not later than thirty (30) days after the entry of the judgment upon the verdict of the jury and five (5) days before the hearing by the Court.

IT IS, THEREFORE, ACCORDINGLY ORDERED, ADJUDGED AND DECREED:

(1) That the defendant's oral motion for a new trial be and hereby is denied, as there was no written motion for a new trial filed in this cause within thirty (30) days after entry of judgment on the verdict and judgment became final thirty (30) days after the sentence of this Court.

T.C.A. sec. 27-201 provides that a rehearing or motion for a new trial can only be applied for within thirty days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten days for such application.

Rule III of the rules of the court, which is copied in the decree of the court, provides that motions for new trials shall be in writing, stating the ground therefor and filed with the clerk of the court not later than thirty days after the entry of the judgment upon the verdict of the jury.

It can be seen from the order of the court aforesaid that upon receipt of the verdict by the court, the judgment was entered on the verdict and the defendant was sentenced. Counsel for the defendant orally moved the court for a new trial and the court set a hearing thereon for April 3, 1964. The court at that time, however, stated to counsel for defendant that his motion must be filed in writing within thirty days from the date of February 11, 1964, the date that the judgment was entered on the verdict. The written motion for the new trial was not filed until March 23, 1964, which was beyond the thirty day period.

The foregoing rule of the trial court was made pursuant to the authority set forth in T.C.A. sec. 16-514, which states that the circuit court may make all such rules of practice as may be deemed expedient, consistent with the law and with such rules as may be made by the Supreme Court.

Gilreath, Caruthers History of a Lawsuit sec. 421 (8th ed. 1955) provides:

* * * Formerly in Tennessee the motion was made orally and a simple statement of the fact entered on the minutes. It contained no particular statement of the ground relied upon for obtaining the new trial. These were stated later in argument on the motion. It was alone in the argument of counsel that the supposed errors committed on the trial were called to the attention of the court. But the statement of counsel in argument did not restrict his right to note in the bill of exceptions other errors not referred to in argument, so that it was possible for the party to obtain relief in the Supreme Court upon errors assigned in the bill of exceptions to which the attention of the circuit judge had not been specially called. This practice has been changed. In the exercise of the inherent right of all courts to prescribe reasonable rules of practice, many of the circuit courts of Tennessee now require that the motion for a new trial be reduced to writing, that it shall contain a specific statement of the grounds relied on for obtaining a new trial, and that the whole be spread on the minutes of the court, and that all errors or grounds for relief not appearing in the motion shall be considered as waived.

 From the foregoing well established rules of procedure in this State, it is conclusive that this assignment of error is without merit and it is overruled.

 It is complained that the judgment of the court on the verdict of the jury is void because it failed to fix the minimum punishment. This complaint is without merit because it is the duty of the jury to fix the maximum punishment and the law fixes the minimum punishment under the indeterminate sentence law. Therefore, the

jury fixes the maximum sentence and the law fixes the minimum.

T.C.A. sec. 40-2708 provides that if through mistake or otherwise, any person shall be sentenced for a definite period of time for any offense, such sentence shall not be void, but the person shall be deemed to be sentenced as provided by the terms of secs. 40-2707-2710. That is, the jury shall fix the maximum term of the convicted defendant and the court imposing such judgment upon such verdict shall not fix a definite term of imprisonment, but shall sentence a person to the Penitentiary for a period of not more than the term fixed by the jury. In other words, as said heretofore, the jury fixes the maximum and the law fixes the minimum.

The case of *Pope v. State,* 149 Tenn. 176, 258 S.W. 775 (1923), held that where a verdict fixed only the maximum term of imprisonment a judgment following the same will be corrected on appeal, so as to make it show the minimum and maximum term.

■ Also, under T.C.A. sec. 40-2708, the minimum term fixed by law becomes, in effect, a part of the judgment whether the judgment so recites or not. *State ex rel. Brinkley v. Wright,* 193 Tenn. 26, 241 S.W.2d 859 (1951).

In the case of *Holt v. State,* 210 Tenn. 188, 357 S.W.2d 57 (1962), the defendant was convicted of assault with intent to commit voluntary manslaughter and the jury fixed his sentence at two years in the Penitentiary, but did not fix the minimum sentence. In that case we modified the sentence to confinement in the Penitentiary for not more than two years and not less than one year. This is an exact situation as we have presented here.

█ As we have said, the motion for a new trial was not filed within the permitted time and for that reason it was not considered by the trial judge, nor can it be considered here as a ground for reversal.

█ It appears that the indictment here under consideration was returned on February 7, 1964. The trial commenced on Monday, February 10, 1964, Sunday intervening. T.C.A. sec. 40-2005 provides that at least two full days, excluding Sundays, shall elapse between the indictment and the trial, but this may be waived since this is a provision of the law and not a part of the Constitution.

In *Neal v. State,* 206 Tenn. 492, 334 S.W.2d 731 (1959) it was held that the provision was waived by the failure of the defendant to seek a continuance and further that if the court erred, such error was harmless since no prejudice was shown.

█ In the instant case there were three pending indictments against Edwin Leek. He was indicted on May 10, 1963 charging him with criminal abortion, this being indictment numbered 95599. He was indicted on January 31, 1964 charging him with an attempt to procure a miscarriage under indictment numbered 98296, and then the indictment of February 7, 1964, in two counts, charging criminal abortion and an attempt to procure a miscarriage. The three cases under these indictments were set for trial on Monday, February 10, 1964, when

> * * * the defendant announced ready for trial * * * whereupon the trial court quashed indictments numbered 95599 and 98296 and proceeded to trial on indictment numbered 98367, upon which the defendant was convicted on the proof offered by the State.

The defendant waived his right to object to trial when he announced "Ready for trial." According to the statements of his counsel made to this Court, the defendant did not testify.

 We are not permitted to examine the charge of the court since its instructions are not a part of the record unless incorporated in a bill of exceptions. *Turner v. State,* 187 Tenn. 309, 213 S.W.2d 281 (1948). There is no bill of exceptions filed here.

The technical record only is before us. The technical record consists only of the process, pleadings, and entries on the minutes of the court, including the entry of the verdict and judgment. Gilreath, Caruthers History of a Lawsuit, sec. 431 (8th ed. 1955); *Duane & Co. v. Richardson,* 106 Tenn. 80, 59 S.W. 135 (1900); *Allen v. State,* 8 Tenn. 294; *Netherland v. Johnson,* 73 Tenn. 340, 343; and many other cases.

 In the case of *Johnson v. Johnson,* 185 Tenn. 400, 206 S.W.2d 400 (1947), it was said:

"The process, pleadings, minute entries, verdict, and judgment are matters properly constituting a perfect record in the absence of a bill of exceptions, and can be reviewed, though there may be no bill of exceptions made, or filed, or incorporated in the transcript." 185 Tenn. at 405, 206 S.W.2d at 403.

In support of this statement the Court cited *Duane & Co. v. Richardson,* supra.

Our examination of the technical record reveals no error on the face thereof. For the foregoing reasons all assignments of error are overruled.

 There can be no doubt, however, about our authority as well as our duty to modify the judgment of

the court in this case so as to provide that the plaintiff in error shall serve not more than four years nor less than one year in the State Penitentiary. As so modified, the judgment is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.

## On Petition to Rehear

MR. JUSTICE WHITE.

A courteous petition to rehear has been filed in which it is contended (1) that the trial judge did not advise the defendant at the time the motion for a new trial was made that the same had to be filed in writing within thirty days; (2) that this Court did not consider the charge of the trial court because it was not made a part of the bill of exceptions and is contained only in the technical record when the Court did consider the instructions of the trial judge in the case of *Clark v. State*, 214 Tenn. 555, 381 S.W.2d 898 (1964), when the charge in that case was only a part of the technical record; and (3) that there is no showing in the record that Rule 3 of the trial court was ever spread on the minutes of the court or published.

■ Rule 3 of the court did require that motions for new trials be filed in writing within thirty days from the rendition of the verdict and the entering of the judgment thereon. Whether the minutes reflect that the trial judge made a statement to this effect to counsel for the defendant or to the defendant, is of no consequence. This was a Rule of court and it has to be complied with.

In the case of *Clark v. State* supra, this Court had before it the technical record only, and in the technical

record the clerk had, by inadvertence, inserted the charge of the court. We merely said in regard thereto that:

The charge of the court is in the technical record, and from it we reach the conclusion that the facts were heard pro and con on the matter before the jury returned its verdict, as above indicated.

At no place in the opinion did we approve the filing of the charge as a part of the technical record.

■■■ It has been the established law of this Court for many, many years, as set out in our original opinion, that the charge of the court is not a proper part of the technical record and any indication in the opinion of *Clark v. State,* supra, that the charge is a part of the technical record, was a mere inadvertence and oversight on our part. Our original opinion makes it abundantly clear that we cannot consider the charge of the court unless it be incorporated in the bill of exceptions, the proper place for it to be bound.

■■■ In regard to the third contention that there was no showing that Rule 3 had ever been spread on the minutes of the court or published, we call attention to the order of the court which recited that Rule 3 had been published and since there is no proof to the contrary, it must be presumed to be correct. We have many cases holding that where there was no record of the evidence considered by the trial court in reaching a conclusion, we have always engaged in the presumption that the ruling was correct since there was no evidence to the contrary appearing. *Eatherly v. State,* 118 Tenn. 371, 101 S.W. 187 (1906); *Odeneal v. State,* 128 Tenn. 60, 157 S.W. 419 (1913).

For the foregoing reasons, the petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.