**Harold Ray MOULTRIE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 22, 1978.

Certiorari Denied by Supreme Court
May 7, 1979.

Edward G. Thompson and Karen R. Williams, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Dan L. Newsom, Asst. Dist. Atty. Gen., Memphis, for appellee.

O'BRIEN, Judge.

## OPINION

This case comes to us on partial denial of a petition for post-conviction relief in the trial court.

Petitioner was convicted for third degree burglary and sentenced to life imprisonment as an habitual criminal.

Petitioner filed a pro se post-conviction petition under the authority of T.C.A. Sec. 23–1802, which relates to habeas corpus relief, alleging his detention as unconstitutional. Counsel was appointed in the trial court and an amended petition was filed alleging several complaints which will be dealt with fully in the course of this opinion. An evidentiary hearing was held. The trial court found, inter alia, that failure of appellate counsel to file a writ of certiorari to the Supreme Court from the judgment of this court operated to violate petitioner's rights under the provisions of T.C.A. Sec. 40–2002. He also found that the failure of appellate counsel to keep defendant informed on the developments of the case demonstrated that the legal representation did not comport with the standards set forth in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975).

As to the first proposition, we hold that the failure of appellate counsel to file a writ of certiorari to the Supreme Court was a statutory violation as opposed to a constitutional right. On March 10, 1976, the date on which this court affirmed appellant's conviction, it was mandatory for appointed counsel to represent a defendant . . . "upon any appeal from the judgment of such court which imposes a prison sentence." See *State v. Williams*, 529 S.W.2d 714 (Tenn. 1975) and *Moultrie v. State*, 542 S.W.2d 835 (Tenn.Cr.App. 1976). A 1976 amendment to T.C.A. Sec. 40–2018, which became effective some eighteen days after this court affirmed petitioner's conviction, relieved the requirement of appointed counsel to pursue an appeal through the second tier by applying to the Supreme Court for writ of certiorari. His Honor the trial judge was eminently correct in finding that

petitioner's statutory rights were violated by failure of his appointed appellate counsel to file a petition for certiorari in the Supreme Court as well as a constitutional violation under the authority of *Baxter v. Rose*, supra, in his failure to keep his client informed on the development of the case at the appellate level. We affirm the judgment in that respect.

The post-conviction petition makes several alternative requests for original affirmative relief. This is a court of appeals and errors, with jurisdiction exclusively confined to appellate relief. (T.C.A. Sec. 16–448). In order to expedite disposition of this matter we will consider petitioner's prayer for affirmative relief as additional assignments of error on appeal and proceed to their resolution. It is requested we review our initial affirmance of petitioner's trial court conviction which occurred on March 10, 1976. The only method by which we might do this would be on a petition to rehear which must be filed within fifteen days of the judgment.

It is requested we vacate and reinstate our judgment of March 10, 1976, which we are pleased to do.

It is further requested, in the event we vacate and reinstate our original judgment, that petitioner be allowed a time to review the record in this case and file new assignments of error. This is another matter beyond our jurisdiction. An individual is allowed forty-five days from the entry of our final judgment in which to file a petition for certiorari in the Supreme Court. (Supreme Court Rule 11). Any extension of time requested must be on application to the Supreme Court.

We now go to the other assignments of error which we find were fairly enough set forth in the post-conviction petitions and amended petitions to warrant consideration, the fact that the trial court made no findings on some of these issues notwithstanding.

Several charges are made that trial counsel was ineffective to the degree that petitioner was deprived of his constitutional

right to counsel. He says that counsel did not base an application for continuance upon statutory authority which existed at the time thus depriving him of needed time to prepare for trial.

The original indictment against petitioner was returned on July 12, 1974. He was represented by appointed counsel for a long period of time and various pre-trial motions were filed based on this indictment. On February 25, 1975, a new indictment issued due to constitutional infirmities in the grand jury venire which had returned the original indictment. The second indictment was identical to the first. Petitioner averred at his post-conviction hearing that he did not receive a copy of the second indictment until two days before his trial. The original indictment was ultimately dismissed approximately one month after trial.

▪ The trial judge made a very cursory finding of fact in reference to this assignment. There is no indication in this record of any prejudice accruing to the defendant as the result of the return of the new indictment. We are satisfied petitioner understood the charges against him and that he was adequately represented by counsel during the time in question. We do not find any actual violation of T.C.A. Sec. 40-2005. In any event our courts have held that the legislature intended that a delay in trial only applied where indictment or presentment and arrest occurred substantially at the same time. *Hood v. State*, 187 Tenn. 501, 216 S.W.2d 14. Where no prejudice has been shown by failure to comply with this section, reversal is not warranted. See *Neal v. State*, 206 Tenn. 492, 334 S.W.2d 731.

Petitioner says his trial counsel was ineffective because he did not raise an objection at trial, or in his motion for new trial, because the trial judge had presided on a previous post-conviction relief hearing in which he was involved.

▪ It was also brought out in the record that the trial judge had at some time in the past been an assistant attorney general who had issued a subpoena in an unrelated trial of petitioner. The record clearly shows that he had been convicted of at least eleven prior offenses in the criminal courts of Shelby County. It would have been almost an impossibility for the trial judge, who had served in one capacity or another in those courts, to have not come into contact with the defendant in some matter or other. Defendant has failed to show in any manner whatsoever that he was prejudiced in any way by the fact that the judge presiding at his trial had been involved with some of his previous cases. In our affirmance of defendant's original conviction we dealt with this question in part, and we now hold that the assignment is without merit and overrule it in its entirety.

Petitioner says on his original appeal his appellate counsel submitted thirteen assignments of error but, to his great prejudice, only briefed and argued two of those.

This court did review these various unbriefed assignments of error at the time his original conviction was affirmed and found them to be without merit. Since it is our intention to vacate and reinstate our original judgment in this case present counsel will have the opportunity to submit these matters anew in the Supreme Court in the event certiorari is granted.

▪ It is said that appellate counsel failed in his argument on the voir dire issue to develop an alternate method of conducting a voir dire of the jury considering an habitual criminal charge. It seems to be the argument that after the jury returned a guilty verdict on the first count of the indictment they should have been further voir dired on the habitual criminal statute to uncover prejudices or inability to follow the law as outlined in T.C.A. Sec. 40–2801, et seq.

The habitual criminal statutes are explicit. The only function of the jury in such cases is to hear proof on prior convictions of a defendant, upon charges constituting felonies under the statute, and to determine if a defendant's record of recidivism warrants enhanced punishment as prescribed. The statutes themselves fix the enhanced punishment at life in the penitentiary. The

jury does not have latitude to consider the matter in any other light. There is no opportunity to assert prejudices or entertain any predilections to avoid the law. The assignment is without merit and is overruled.

We overrule all assignments except those based on the findings of the trial judge that petitioner was prejudiced by counsel's failure to apply for a writ of certiorari from the judgment of this court, and his failure to keep petitioner fully advised on his right to further appellate review from the judgment of this court. Accordingly, the prior judgment of this court in this case is hereby vacated and reinstated as of this date for the purpose of reestablishing the statutory time to file a petition for certiorari in the Supreme Court. The judgment of the trial court is in all otherwise affirmed.

DAUGHTREY and BYERS, JJ., concur.