**STATE of Tennessee, Appellee,**

v.

**Henry COLE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 13, 1983.

Permission to Appeal Denied by Supreme Court Jan. 30, 1984.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, James J. Challen, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

Brett B. Stein, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

In two indictments the Shelby County grand jury charged the appellant, Henry Cole, with assault with intent to commit murder in the first degree and habitual criminality, and with burglary in the third degree while in possession of a firearm and habitual criminality. On trial of the consolidated cases, the jury found Cole guilty of assault and battery and fixed punishment at 11 months and 29 days in the jail or workhouse. It also found him guilty of third degree burglary and fixed punishment at three to six years. On the bifurcated hearing, it found him to be an habitual criminal and his punishment for burglary was enhanced to life imprisonment. The assault and battery sentence is concurrent.

Cole's principal issue on appeal is that the mandatory life sentence imposed under our habitual criminal statute constitutes cruel and unusual punishment under the eighth amendment to the federal constitution. In addition, he says the court erred in refusing to permit him, on the voir dire examination of the jury, to discuss the effect of a conviction of being an habitual criminal. He also says that the court erred in permitting his prior felony convictions to be used for impeachment and that the court improperly instructed the jury. We find no reversible error and affirm the convictions.

Although the appellant does not challenge the sufficiency of the evidence, we will briefly outline the facts presented to the jury.

At about 8:40 p.m., on February 16, 1982, Memphis Police Officers Mary Case and Steven Rawie went to the Sterick Building in downtown Memphis in response to a burglary in progress call. The building was closed. In checking the loading dock, an officer heard a noise inside the building. Officer Case pushed the door but nothing happened. The appellant then opened it but slammed it shut when he saw the officers and refused to come out as they asked. When Officer Rawie forced the door open, the appellant struck him with an iron rod. As Rawie undertook to subdue the appellant, Officer Case took a loaded .38 caliber pistol from the appellant's pocket. A third officer arrived and assisted in handcuffing him. In the struggle one of the officers shot the appellant, thinking that he was still armed.

A window leading to this area of the building had been broken out and below the window there was a ladder.

Testifying in his own defense, the appellant said that he had taken his pistol to search for two men who had thrown a brick through a window of his mother's house. He decided, however, to turn the pistol over to his parole officer but could not find her and also could not find the particular detective to whom he wanted to deliver it. He then sought his attorney in the Sterick Building to get his assistance. Although it was after hours, someone let him into the building. He denied assaulting the officer or breaking into the building.

The appellant had three prior convictions for second degree burglary; one for first degree burglary; one for attempt to commit a felony: second degree burglary; one for assault with intent to commit second degree murder; one for violation of T.C.A. 39–4914, forbidding a felon from carrying a

firearm; one for assault with intent to commit armed robbery and one for armed robbery. The armed felon conviction and the assault with intent to commit armed robbery arose from the same transaction; all other offenses occurred at different times and on separate occasions. See T.C.A. 39–1–801.

The evidence adduced at both stages of the trial is sufficient to sustain the convictions. T.R.A.P. 13(e).

■ We examine the appellant's first issue under the standards set forth in *Solem v. Helm,* — U.S. —, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *Solem* recognizes that recidivist statutes may result in disproportionate sentences in violation of the Eighth Amendment of the federal constitution.

In measuring disproportionality, a court must consider (1) the gravity of the offense as compared to the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences for the same crime in other jurisdictions.

Although third degree burglary is classified as a crime against property and is not a Class X offense, the crime as committed by the appellant in carrying a loaded pistol and striking an officer with an iron rod is a dangerous and serious offense. In any event, burglary is a far more active and destructive crime than writing the "no account" check for $100 which triggered the life sentence in *Solem.*

In *Solem* the United States Supreme Court relied heavily for reversal on South Dakota's statute which denied the defendant any chance of parole. In marked contrast, our statute provides for parole eligibility in 30 years.

The offense committed by Cole is more serious than the triggering offense committed by Helm and the penalty is less stringent.

Second, as a fifth burglary offender, who the proof here showed committed the last burglary with possession of a firearm, the appellant might have been required to serve a minimum of ten years in the penitentiary without parole. T.C.A. 39–3–405(c)(3). In addition, the nine underlying offenses carry lengthy sentences including a maximum of life for armed robbery. Unlike *Solem,* the underlying offenses here contain three violent felonies including a Class X offense, armed robbery, which carries a high potential danger for human life. Appellant's life sentence imposed after his many serious crimes, including armed robbery, is not so disproportionate to Tennessee's punishment of more heinous crimes as to constitute cruel and unusual punishment.

Third, we note that Tennessee enhances punishment only after a fourth felony, not the third as did Texas in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). See *Evans v. State,* 571 S.W.2d 283 (Tenn.1978). *Rummel,* which held that a parolable life sentence imposed after three non-violent, fraud-type offenses was not cruel and unusual punishment, was not overruled by *Solem.*

We also note that the appellant could be sentenced as a recidivist in jurisdictions which require at least one violent felony. See, e.g., Miss.Code Ann. § 99–19–83 (Supp.1979), as quoted in *Rummel,* fn. 20. Also the disproportionality of the 12 years and one day under the "cadena temporal" imposed in the colonial Philippines for falsifying a public record, and in the assessment of punishment for the status of drug addiction, is not present in the appellant's case. *Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910); *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

Cole's life sentence does not violate the Eighth Amendment.

■ Appellant's other assignments also lack merit. Our statutes provide for a bifurcated hearing in habitual criminal cases and forbid any mention of the recidivist count during the initial guilt stage of the trial. T.C.A. 39–1–801. It was not error to refuse to allow appellant to mention the habitual criminal accusation at voir dire or during the first part of the trial. *Glasscock v. State,* 570 S.W.2d 354 (Tenn.

Cr.App.1978); see also *Moultrie v. State,* 584 S.W.2d 217 (Tenn.Cr.App.1978).

 Also, the trial judge properly allowed impeachment on the basis of appellant's prior convictions. Burglary and robbery involve dishonesty and therefore qualify for use as impeachment without regard for their prejudicial effect. *State v. Martin,* 642 S.W.2d 720 (Tenn.1982); *State v. Davis,* 649 S.W.2d 12 (Tenn.Cr.App.1982). The assault with intent to murder conviction was not used for impeachment. In addition, appellant waived this issue by failing to raise it in his motion for a new trial. *State v. King,* 622 S.W.2d 77 (Tenn.Cr.App. 1981), T.R.A.P. 3(a), 36(a).

Finally, the trial court erred in instructing the jury that "the law presumes a man intends what he does, and the usual and natural consequences of his acts." *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). However, this instruction was harmless beyond a reasonable doubt. *State v. Chavis,* 617 S.W.2d 903, 908 (Tenn.Cr.App.1980). Appellant's intent was established by his actions, not by any artificial presumption of law.

The judgment of the lower court must be affirmed.

TATUM, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.