**Anna Elizabeth Wulfert DAVIS, Plaintiff–Appellant,**

**v.**

**Sammy Lynn DAVIS, Defendant–Appellee.**

Supreme Court of Tennessee, at Jackson.

May 28, 1996.

Lanier Fogg, Memphis, for Plaintiff–Appellant.

Everett B. Gibson, Memphis, for Defendant–Appellee.

## OPINION

REID, Justice.

This case presents for review the decision of the Court of Appeals reversing the trial court's order that interest on alimony *in solido* began to accrue on a certain date prior to the date of final judgment. This Court finds that the applicable statute, though ambiguous, authorizes the trial court's award of interest.

By decree entered on March 6, 1991, the appellant-wife was granted an absolute divorce from the appellee-husband, she was awarded custody of the children, she was awarded child support, and all other matters, including alimony, the division of marital property and attorney's fees, were reserved.

By letter dated January 2, 1992 sent to counsel for the parties, the trial court advised the parties of her decision regarding alimony, the designation and distribution of marital property, attorney's fees, and child support. Included in the decision was an award of alimony *in solido* in the amount of $24,000. The attorneys were directed to pre-pare an order according to the provisions set forth in the letter. The letter was not filed with the clerk of the trial court but is included in the record on appeal as an exhibit.

On February 3, 1992, the husband filed a notice, demanding that the court file findings of fact and conclusions of law as permitted by Rule 52.01 of the Tennessee Rules of Civil Procedure. The notice contained the recitation that in a "letter dated January 2, 1992, the court arrived at an award of alimony and distribution of marital assets." The notice did not suggest that the letter failed to address any disputed issue.

An order was entered on May 27, 1993, adjudging the disputed issues according to the provisions set forth in the court's January 2, 1992 letter. The order provided that the wife "is hereby awarded alimony *in solido* in the amount of $24,000 on which judgment interest shall accrue from the time of the ruling on January 2, 1992."

On appeal, the Court of Appeals reversed the allowance of interest on the alimony *in solido*, holding that in non-jury cases, interest shall not begin to accrue until a final judgment has been entered. That is the only issue before this Court.

The governing statute, Tenn.Code Ann. § 47–14–122 (1995), is not a model of clarity, and the construction placed on the statute by the Court of Appeals is consistent with the proper meaning of the term "judgment." However, it appears that a broader construction is necessary in order to give meaning to the entire statute. *See e.g., Roseman v. Roseman,* 890 S.W.2d 27, 29 (Tenn.1994).

■ The statute provides as follows:
**Interest on judgments—Computation.—** Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

The ambiguity lies, of course, in the meaning of—a verdict of the court sitting without a jury. Since a "verdict" of the court is unknown in judicial proceedings in Tennessee, it would appear that the legislature must have intended that in non-jury cases, interest would begin to accrue upon the occurrence of

the event which is the practical equivalent of a jury verdict. In a jury case, the verdict constitutes the findings of fact and the application of the law thereto. *State ex rel Myers v. Brown,* 209 Tenn. 141, 351 S.W.2d 385, 388 (1961). It is the basis for the judgment, and the judgment must be in accordance with the verdict. Sam B. Gilreath, *Caruthers' History of a Lawsuit,* § 385 (7th ed. 1951); *see e.g. George v. Belk,* 101 Tenn. 625, 49 S.W. 748, 749 (1899). Judgment is rendered on the verdict without the necessity of any further formality. Tenn.Code Ann. § 18–4–103(3) (1994); *Leek v. State,* 216 Tenn. 337, 392 S.W.2d 456, 457–58 (1965). Obviously, a judgment is not the legal or practical equivalent of a jury verdict.

▆▆▆ A trial court's finding of facts and conclusions of law, where announced by the court after completion of the trial of the case, is the event in the trial of a non-jury civil case most comparable to the entry of a jury verdict. The court's findings and conclusions essentially dispose of all issues to be decided and constitute the basis for the judgment to be entered. The relationship between the trial court's findings of fact and conclusions of law is set forth in Rule 52.01 which states:

> In all actions tried upon the facts without a jury, and upon request made by any party prior to the entry of judgment, the court shall find the facts specially and shall state separately its conclusions of law thereon and direct the entry of the appropriate judgment....

The rule further states:

> If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Even though the rule requires the trial court to make findings of fact and state conclusions of law upon motion by any party, a request by a party is not essential to the validity of the findings and conclusions. *Murray Ohio* *Mfg. Co. v. Vines,* 498 S.W.2d 897, 901 (Tenn. 1973).

▆▆▆ In the case before the Court, the trial court's letter of January 2, 1992, contains the essentials of those findings of facts and conclusions of law required for purposes of precipitating the accrual of interest.[1] It sets forth the court's decision regarding alimony, child support, the division of marital property, and attorney's fees. The judgment entered by the court conformed to the provisions set forth in the letter. The only additional determination made in the final judgment was the allowance of interest on the alimony *in solido* from the date of the letter. Even though counsel for the husband filed a notice for findings of fact and conclusions of law after having received the trial court's letter, no further findings or statements were entered prior to the entry of the judgment. It appears that, except for the formality, the parties treated the letter as the findings of fact and conclusions of law. Consequently, the date of the court's letter setting forth the court's decision on each disputed issue is the date on which interest began to accrue on the award of alimony *in solido.* This conclusion is supported by the language of Rule 41 of the Tennessee Rules of Appellate Procedure, which provides:

> If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determined by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court....

The letter in this case was the "equivalent determination" of the court in a non-jury case.

▆▆▆ Although neither Rule 52.01 nor Rule 41 specifically condition the efficacy of the trial court's findings of fact and conclusions of law upon its being filed with the clerk, the

---

1. What the law considers to be essential to a court's findings of facts and conclusions of law may vary with the different purposes and consequences such findings and conclusions may have. *See e.g.,* Tenn.Code Ann. §§ 27–1–114 (Supp. 1995) (findings of fact in county and chancery courts when case appealed), 29–13–109(b) (Supp.1995) (findings of fact under Criminal Injuries Compensation Act); 40–30–211(b) (Supp. 1995) (findings of fact under Post–Conviction Procedure Act); 40–35–209(c) (Supp.1995) (findings of fact under Criminal Sentencing Reform Act of 1989).

rules contemplate, and good practice demands, that it be made a part of the record. However, in this case, the appellee-husband was not prejudiced by the court's failure to file the letter setting forth her decision. The husband acknowledged receipt of the letter in his notice and subsequently filed objections thereto, including the allowance of interest.

The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for the entry of a judgment consistent with this opinion.

Costs will be borne by the defendant-appellee.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.