IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 2000 Session

## STATE OF TENNESSEE v. MARION LEE CHAPMAN

**Appeal as of Right from the Circuit Court for Carroll County**
**No. 99CR-1374      C. Creed McGinley, Judge**

_____

### No. W1999-00410-CCA-R3-CD - Filed October 16, 2001

_____

A Carroll County jury convicted the appellant, Marion Lee Chapman, of one (1) count of driving under the influence of an intoxicant. The trial court sentenced the appellant to eleven (11) months and twenty-nine (29) days, suspended after serving ten (10) days in confinement. On appeal, the appellant argues that the trial court erred in denying his motion for a continuance on the day of trial. We hold that the appellant has waived this issue for failing to prepare an adequate record for this Court's review. In addition, we conclude that, based on the limited record before us, the trial court did not abuse its discretion in denying the motion for a continuance. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court of Carroll County is Affirmed**

JERRY SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and ROBERT W. WEDEMEYER, J., joined.

Gregory D. Clayton, Nashville Tennessee, attorney for the appellant, Marion Lee Chapman.

Paul G. Summers, Attorney General and Reporter and Kim R. Helper, Assistant Attorney General, Robert Radford, District Attorney General and Eleanor Cahill, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

### OPINION

### I.

On January 16, 1999, the appellant was arrested for driving under the influence. Approximately four (4) months later, the appellant was arraigned in the Carroll County Circuit Court, and although he had retained an attorney to represent him, he appeared without counsel at his arraignment. During the proceeding, the following colloquy between the trial court and the appellant occurred:

THE COURT: And your attorney didn't show up?

MR. CHAPMAN: He told me he had to be in court today in Sumner County, that he would - - I was told to get a court date from you today and he would be here when you said to be here.

THE COURT: Well, that's fair enough. . . .

. . . .

THE COURT: All right, I'm setting your case for trial on Thursday, May 13th.

MR. CHAPMAN: May the 13th.

THE COURT: That's this coming Thursday. You'll be given a copy of the indictment. . . .

. . . .

THE COURT: All right, she's going to give a copy of a document. You understand what you are charged with?

MR. CHAPMAN: Yes, sir.

THE COURT: All right, I'm going to enter a plea of not guilty. Your case is set for jury trial this coming Thursday, May 13th. Do you understand that?

MR. CHAPMAN: Yes, sir.

THE COURT: You'll stay around and get a copy of the notice. And you might just make a note on the indictment and take it to your attorney, set 9:00 a.m. this coming Thursday. You have

-2-

discussed with your attorney and you
do want a jury trial. Is that correct?

MR. CHAPMAN:                    Yes, sir.

The trial was set for three (3) days after the appellant was arraigned. When the appellant and his attorney appeared in court on the date set for trial, counsel objected to the trial date and requested a continuance. The trial court denied the motion, and after a trial, the jury convicted the appellant of one (1) count of driving under the influence as charged in the indictment. From his conviction, the appellant now brings this appeal as of right.

## II.

In his sole issue on appeal, the appellant contends that the trial court erred in denying his motion for a continuance. Initially, we note that the appellant has failed to provide this Court with a complete record regarding the motion for a continuance. It is the duty of the Appellant to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). In the absence of an adequate record on appeal, this Court must presume that the trial court's rulings are supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

No verbatim transcript of the proceedings to obtain a continuance was available, so the appellant attempted to submit a statement of the evidence under Tenn. R. App. P. 24(c). Rule 24(c) requires that the statement of the evidence "be filed with the clerk of the trial court within 90 days after filing the notice of appeal." The appellant filed his notice of appeal on June 1, 1999; however, he filed his statement of the evidence on October 18, 1999. It is apparent this filing was more than 90 days after filing his notice of appeal; thus, the statement of the evidence was not timely filed under Tenn. R. Crim. P. 24(c).

Moreover, the state objected to the appellant's statement of the evidence in various respects. Finally, the trial court expressly rejected the statement of the evidence, finding that such statement was untimely and did not convey a fair, accurate and complete account of what transpired during the proceedings. As a result, this Court may not consider the appellant's purported statement of the evidence.

The record contains no evidence regarding what transpired during the motion for a continuance or at the appellant's trial. Therefore, the issue is waived. Tenn. R. App. P. 24(b).

## III.

Nevertheless, after considering the limited record presented to this Court, we will briefly address the appellant's issue on the merits. The appellant alleges that, by denying the motion for a

continuance, the trial court deprived him of the opportunity to obtain discovery, to prepare pleadings and/or motions, to subpoena witnesses and/or medical records, and to prepare requests for jury instructions. He also urges that he was denied his constitutional rights to due process of law and to compulsory process. Therefore, he claims that the trial court erred in denying his motion for a continuance of the trial date.

A motion for a continuance is addressed to the sound discretion of the trial judge, and his ruling on the motion will not be disturbed in the absence of an abuse of discretion to the prejudice of the defendant. State v. Hines, 919 S.W.2d 573, 579 (Tenn. 1995). An abuse of discretion is demonstrated by showing that the failure to grant a continuance denied defendant a fair trial or that it could be reasonably concluded that a different result would have followed had the continuance been granted. Id. at 579.

The transcript of the arraignment clearly demonstrates that the appellant was instructed to appear and "get a court date" and that counsel "would be here when [the court] said to be here." Although the appellant argues that he and "his counsel were informed just moments before the trial was to begin that the case was set for jury trial," a reading of the arraignment transcript clearly refutes such an allegation. The trial court informed the appellant of the trial date at least four (4) times, and the appellant expressly affirmed his understanding that the trial would be held on May 13. As a result, we hold that the trial court did not abuse its discretion in denying the motion to continue the trial date.

This Court is concerned that defense counsel instructed his client to appear before the trial court at his arraignment without the benefit of counsel. This is not a good practice. Our Supreme Court has held that an arraignment "may or may not be a critical stage" of the criminal proceedings which would implicate his right to counsel under the Sixth Amendment. State v. Sutton, 761 S.W.2d 763. 768 (Tenn. 1988). Nonetheless, an arraignment which is limited to the matters prescribed in Tenn. R. Crim. P. 10 is not a critical stage. Id. at 769. The record shows that the arraignment was limited to such matters, in that the trial court merely informed the appellant of the charges against him, entered a plea of "not guilty" on the appellant's behalf and provided the appellant with a copy of the indictment. See Tenn. R. Crim. P. 10(b). Thus, we conclude that the arraignment was not a "critical stage," and counsel's absence at the arraignment did not deprive the appellant of his constitutional right to counsel.

Additionally, we recognize that the appellant is statutorily entitled to "fourteen (14) full days (Sundays and legal holidays excluded) after arrest and the return of the indictment or presentment before being tried for such offense." Tenn. Code Ann. § 40-14-105. The appellant was indicted on May 3 and was tried for this offense approximately ten (10) days later. However, in State v. Brown, 795 S.W.2d 689, 693 (Tenn. Crim. App. 1990), this Court observed that "the legislature intended that the delay between indictment and trial apply only where the indictment or presentment and arrest occur substantially at the same time." The appellant was arrested for this offense in January, but was indicted four (4) months later. Therefore, based upon previous holdings of this Court and our Supreme Court, we conclude that Tenn. Code Ann. § 40-14-105, which requires a fourteen (14) day lapse between the indictment and the trial date, does not require reversal in this case. See Hood v. State, 216 S.W.2d 14, 16 (Tenn. 1948); Dukes v. State, 578 S.W.2d 659, 662 (Tenn. Crim. App. 1978).

This issue is without merit.

**IV.**

After reviewing the record presented to this Court, we hold that the trial court did not abuse its discretion in denying the appellant's motion for a continuance. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY SMITH, JUDGE