CRAWFORD, J.,
concurring and dissenting in part.
I concur in the majority opinion’s affir-mance of the trial court’s money judgment against defendants in the amount of $10,464.80. However, I respectfully dissent from that part of the majority opinion that awards post-judgment interest on the money judgment from the date of entry of the trial court’s judgment in the first trial of this case that was reversed and remanded by this Court.
T.C.A. § 47-14-122 (2001) provides:
47-14-122. Interest on judgments— Computation.
Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.
In Davis v. Davis, 924 S.W.2d 351 (Tenn.1996), our Supreme Court considered the beginning date for the accrual of interest under the statute. The Court said:
The ambiguity lies, of course, in the meaning of — a verdict of the court sitting without a jury. Since a “verdict” of the court is unknown in judicial proceedings in Tennessee, it would appear that the legislature must have intended that in non-jury cases, interest would begin to accrue upon the occurrence of *353 the event which is the practical equivalent of a jury verdict. In a jury case, the verdict constitutes the findings of fact and the application of the law thereto. State ex rel Myers v. Brown, 209 Tenn. 141, 351 S.W.2d 385, 388 (1961). It is the basis for the judgment, and the judgment must be in accordance with the verdict. Sam B. Gilreath, Caruthers’ History of a Lawsuit, § 385 (7th ed. 1951); see e.g. George v. Belk, 101 Tenn. 625, 49 S.W. 748, 749 (1899). Judgment is rendered on the verdict without the necessity of any further formality. Tenn.Code Ann. § 18-4-103(3) (1994); Leek v. State, 216 Tenn. 337, 392 S.W.2d 456, 457-58 (1965). Obviously, a judgment is not the legal or practical equivalent of a jury verdict.
Id. at 352. The Court found that the trial court’s letter to counsel set out the essential findings of fact and conclusions of law as required for the allowance of post-judgment interest under the statute, and accordingly held that the trial court did not err in awarding post-judgment interest from the date of the letter.
In the case at bar, this Court reversed the judgment of the trial court and remanded the case for further consideration on the issue of quantum meruit, which *652 was not involved in the first trial. Thus, there was no judgment awarding money damages in the first trial and the trial on remand depended upon the finding of facts from which a determination of legal liability could be made. So, until the case was heard on remand, there was no determination that the plaintiff was entitled to quantum meruit recovery, and the outcome of that case depended upon the evidence introduced at trial on remand. The award of post-judgment interest is purely statutory and until the terms of the statute have been met, there can be no award of post-judgment interest. The determination that the provisions of the statute had been met was made at the second trial on remand and, therefore, post-judgment interest should run from the determination of that trial and not from the date of the entry of the original judgment, which this Court had previously reversed.