**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

**May 4, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| WAYNE DAVIDSON, | * | No. 03-C-01-9708-CR-00373 |
| Appellant, | * | MORGAN COUNTY |
| VS. | * | Hon. Russell Simmons, Jr., Judge |
| **CHARLIE JONES,** | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant                                                      For Appellee

Charles B. Hill, II                                              John Knox Walkup
P.O. Box 852                                                          Attorney General and
Reporter
Kingston, TN  37763                                    450 James Robertson Parkway
                                                                      Nashville, TN  37243-0493

                                                                      Elizabeth B. Marney
                                                                      Assistant Attorney General
                                                                      425 Fifth Avenue North
                                                                      Nashville, TN  37243-0493

                                                                      Charles E. Hawk
                                                                      District Attorney General
                                                                      P.O. Box 703
                                                                      Kingston, TN  37763

OPIINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

<u>**OPINION**</u>

The petitioner, Wayne Davidson, appeals the Morgan County Circuit Court's summary dismissal of his petition for a writ of habeas corpus on August 20, 1997. In this appeal as of right the petitioner raises the following issue: Whether the trial court erred by dismissing his petition for a writ of habeas corpus without a hearing. After a review of the record, we affirm the judgment of the trial court.

The lengthy history of this case was fully summarized in previous appeals to this court. <u>See</u> <u>Davidson v. State</u>, No. 03C01-9512-CC-00405, 1997 WL 167215, at *1 (Tenn. Crim. App. at Knoxville, April 10, 1997); <u>Davidson v. Mills</u>, No. 03C01-9110-CR-00338, 1992 WL 141807, at *1 (Tenn. Crim. App. at Knoxville), <u>perm. to appeal denied</u>, (Tenn. 1992); <u>Davidson v. State</u>, No. 20, 1989 WL 9628, at *1 (Tenn. Crim. App. at Knoxville, January 20, 1989). Briefly, on May 2, 1985, the petitioner was convicted in the Meigs County Criminal Court of 2nd Degree Burglary. The jury further found that the petitioner was an habitual criminal, a status mandating an enhanced sentence of life imprisonment. This court affirmed the conviction and sentence on direct appeal. <u>See</u> <u>State v. Davidson</u>, No. 13, 1987 WL 14282 (Tenn. Crim. App. at Knoxville, July 21, 1987). The petitioner subsequently filed two petitions for post-conviction relief in the Meigs County Criminal Court and two petitions for habeas corpus relief, one in the Morgan County Criminal Court and one in the Roane County Criminal Court. This court granted relief, in part, pursuant to the petitioner's first petition for post-conviction relief. <u>Davidson</u>, No. 20, 1989 WL 9628, at *3. The petitions were otherwise denied. <u>Davidson</u>, No. 03C01-9512-CC-00405, 1997 WL 167215; <u>Davidson</u>, No. 03C01-9110-CR-00338, 1992 WL 141807.

On October 31, 1996, the petitioner filed another petition for a writ of habeas corpus in the Morgan County Circuit Court. The petitioner argued that his judgment was void in that it did not reflect the trial court's approval of the jury's

2

verdict finding him guilty of 2nd Degree Burglary. The petitioner also alleged that the transcript of proceedings in the trial court does not indicate that the trial court orally announced the petitioner's sentence.

Notwithstanding the style of the petition, proceedings were conducted by the Morgan County Criminal Court, the Honorable E. Eugene Eblen, Judge, presiding. The trial court issued an order dismissing the petition on November 4, 1996. The trial court ruled that the issues alleged in the petition were previously litigated and the judgment is facially valid.

On January 31, 1997, the petitioner filed a motion to amend his original petition.[1] The petitioner alleged that he was not present during "any sentencing portion of his trial" and argued that the Meigs County Criminal Court did not have personal jurisdiction to proceed with his trial in his absence. Additionally, on February 7, 1997, the petitioner filed a motion to "[v]oid" the Morgan County Criminal Court's order of dismissal or, in the alternative, grant the petitioner a delayed appeal. In this motion, the petitioner argued that, because he filed his petition for a writ of habeas corpus with the Morgan County Circuit Court, the *criminal* court did not have jurisdiction to rule on his petition. He also contended that Judge Eblen had previously recused himself from the petitioner's case.

On March 10, 1997, the Morgan County Criminal Court set aside its order of dismissal and transferred the case to the Morgan County Circuit Court. On August 20, 1997, upon the State's motion, the Morgan County Circuit Court dismissed the petition without conducting a hearing.

On appeal, the petitioner contends that the trial court erred by dismissing his petition for a writ of habeas corpus without a hearing. The petitioner relies solely upon his

---

[1] On August 13, 1997, the petitioner filed another motion to amend his original petition. However, the August 13 motion is identical to the January 31 motion.

3

argument that the convicting court did not have personal jurisdiction in his case, because he was not present when the sentence was imposed. In support of his argument, the petitioner cites Tenn. R. Crim. P. 43. Rule 43(a) provides that "the defendant shall be present …at every stage of the trial including … the return of the verdict, and at the imposition of sentence." Furthermore, the petitioner alleges that his involuntary absence during the imposition of his sentence violated "a fundamental constitutional right." Therefore, according to the petitioner, he has not waived this issue nor does the principle of res judicata bar the suit.

The remedy of the writ of habeas corpus is limited to relief from void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994); Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646, at *1 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal denied, (Tenn. 1999). In other words, it must appear upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court was without jurisdiction or authority to convict or sentence a defendant, or that a defendant=s sentence of imprisonment has expired. Archer, 851 S.W.2d at 164; Ritchie v. State, No. 03C01-9601-CC-00029, 1998 WL 855517, at *2 (Tenn. Crim. App. at Knoxville, December 10, 1998). Additionally, if a claim would necessarily involve investigation beyond the face of the judgment or the record of the proceedings, the claim will not be cognizable in habeas corpus proceedings. See, e.g., Martin v. State, No. 02C01-9804-CC-00101, 1998 WL 467098, at *1 (Tenn. Crim. App. at Jackson, August 12, 1998). The petitioner has the burden of establishing either a void judgment or an illegal confinement. Passarella, 891 S.W.2d at 627.

The Habeas Corpus Act requires a court to review the petition and dismiss it unless it alleges a cognizable ground for relief. Tenn. Code Ann. §§ 29-21-101 to −109 (1980). In other words, a petition for a writ of habeas corpus may be

4

summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim. Mitchell v. Carlton, No. 03C01-9704-CR-00125, 1998 WL 8505, at *2 (Tenn. Crim. App. at Knoxville, January 12, 1998). See also State ex rel. Byrd v. Bomar, 381 S.W.2d 280, 283 (Tenn. 1964).

The authenticated trial transcript submitted in this case shows that the petitioner was present when the jury found that he was an habitual criminal. The transcript states:

> JURY FOREMAN: Yes, sir. "We the jury find the Defendant, Wayne K. Davidson, is an Habitual Criminal."
> THE COURT: If that is the verdict of each and everyone of you, please raise your right hands.
> So say them all.
> All right, Mr. Davidson, the jury has determined that you are an Habitual Criminal. Therefore, you will have to be taken into custody at this time.

Thus, under the habitual criminal statutes, the petitioner was present at the imposition of his sentence. See Tenn. Code. Ann. § 39-1-801 to –807 (1982).

This conclusion rests upon the premise that, under the habitual criminal statutes, the jury rather than the judge imposes the sentence of life imprisonment. Thus, in Moultrie v. State, 584 S.W.2d 217, 219 (Tenn. Crim. App. 1978), this court observed that the function of the jury under the habitual criminal statutes is to determine if "a defendant's record of recidivism warrants enhanced punishment as prescribed. The statutes themselves fix the enhanced punishment at life in the penitentiary." The only function of the judge thereafter is to "record the verdict of the jury and enter judgment accordingly." Tenn. Code Ann. § 39-1-805. See also Tenn. Code Ann. § 40-35-203 (1982) (the trial court need only conduct a sentencing hearing on the underlying felony pursuant to the Criminal Sentencing Reform Act of 1982 if the defendant is *acquitted* of being an habitual offender).

5

Therefore, it appears from the face of the record that the petitioner's claim is without merit. Moreover, the petitioner's contention that further investigation would reveal that the transcript is erroneous and that he was not, in fact, present during sentencing proceedings renders the judgment voidable and not void.

For the foregoing reasons, we affirm the judgment of the trial court.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
James Curwood Witt, Jr., Judge