**STATE of Tennessee, Appellee,**

v.

**Elton Bernard BOWERS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 7, 1984.

Permission to Appeal Denied by Supreme Court July 23, 1984.

Patrick F. Martin, Jackson, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Raymond S. Leathers, Asst. State Atty. Gen., Nashville, Roger Moore, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of aggravated assault, two counts of armed robbery, and temporarily taking an automobile. He was sentenced to serve four years for aggravated assault, thirty years for each of the armed robbery convictions, and one year for taking the automobile. All of these sentences were ordered to run concurrently.

The defendant says the evidence is not sufficient to sustain the verdict, says the indictment charging aggravated assault is fatally defective because it has an erroneous statute citation therein, says the armed robbery statute, T.C.A. § 39-2-501, is unconstitutional, and says the trial judge erroneously allowed the state to show the defendant had previously been convicted of burglary as impeachment of his credibility as a witness.

The judgments are affirmed.

The state's evidence shows that two women purchased groceries at a supermarket in Jackson at approximately 11:30 p.m. on March 31, 1983. One of the women purchased approximately $5.00 worth of groceries and the other purchased approximately $25.00 worth.

The women, accompanied by a courtesy clerk, left the store to go to an automobile in which the women had come to the store. When they approached the vehicle a man grabbed one of the women and held a knife to her throat and ordered the people to put the groceries in the vehicle.

The clerk unlocked the vehicle and placed the groceries inside. The woman managed to escape from the assailant and ran back into the store. The clerk then observed the man enter the vehicle and drive away. The clerk identified the defendant as the perpetrator of the crimes.

The vehicle was found within an hour at 250 Oak Street in Jackson. The groceries were not in the vehicle and were never found. The papers to the vehicle were later found in a house at 227 Oak Street, a residence occupied by a woman whom the defendant dated.

The defendant testified he did not commit these offenses and through his testimony, and others, entered a defense of alibi.

■ The question on appeal when the sufficiency of the evidence to support the verdict is raised is whether there is sufficient evidence from which a rational trier of fact can find guilt beyond a reasonable doubt. T.R.A.P. 13(e). It is clear that there was sufficient evidence for this purpose in this case.

■ The indictment charging the defendant with aggravated assault upon the grocery clerk contained sufficient and appropriate charging words to allege the offense. In citing the statute which described the offense, the recitation says the acts were in violation of T.C.A. § 39-2-101(a)(3). The appropriate statute is T.C.A. § 39-2-101(b)(3).

■ When the words of the charging instrument show the offense for which a person is charged, the erroneous recitation of a statute is mere surplusage and not fatal to the charging instrument. *Cole v. State,* 512 S.W.2d 598 (Tenn.Cr.App.1974). Further, unless an accused can show a substantial right was prejudiced by an alleged or actual variance a conviction will not be set aside thereon. *See State v. Moss,* 662 S.W.2d 590 (Tenn.1984).

■ In this case there is no showing the defendant was misled by this recitation. Furthermore, the alleged defect was ascertainable prior to trial, and the defendant did not raise any objection to the indictment. In such case, the alleged defect is waived. *State v. Berry,* 592 S.W.2d 553, 562 (Tenn.1980) (citing *Wade v. State,* 529 S.W.2d 739 (Tenn.Cr.App.1975)).

The defendant says the armed robbery statute is unconstitutional because it contains a provision for infliction of the death penalty and retains the provision for fixing of punishment by the jury, which is contrary to the Sentencing Reform Act of 1982.

These issues were raised in the case of *State v. James A. Hampton*, No. 9 Madison County (Tenn.Cr.App., Jackson, March 15, 1984), and found to be without merit.

The defendant next says the trial court and the appellate courts of this state have improperly failed to follow federal decisions on impeachment use of prior convictions under the *Morgan* rule. The defendant fails to recognize that, except for applicable constitutional rulings from the United States Supreme Court, the state courts are not bound by federal decisions as to admissibility of evidence or on procedural matters. This court has previously held that burglary involves dishonesty and may be used for impeachment purposes. *State v. Cole*, 665 S.W.2d 407 (Tenn.Cr. App.1983).

WALKER, P.J., and DUNCAN, J., concur.