# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1995 SESSION



**FILED**

**May 9, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01-C-01-9506-CC-00206** |
| Appellee, | ) | |
| | ) | **HUMPHREYS COUNTY** |
| VS. | ) | |
| | ) | **HON. ALLEN W. WALLACE ,** |
| **DANNY R. MORRIS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Aggravated Robbery) |

FOR THE APPELLANT:        FOR THE APPELLEE:

**MICHAEL J. FLANAGAN**      **CHARLES W. BURSON**
**DALE M. QUILLEN**           Attorney General & Reporter
95 White Bridge Rd., Suite 208
Nashville, TN  37205          **ELLEN H. POLLACK**
                           Asst. Attorney General
                           450 James Robertson Pkwy.
                           Nashville, TN  37243-0493

                           **DAN M. ALSOBROOKS**
                           District Attorney General

                           **GEORGE C. SEXTON**
                           Asst. District Attorney General
                           Humphreys County Courthouse
                           Waverly, TN  37185

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant, Danny R. Morris, was convicted at a jury trial of aggravated robbery, a Class B felony. The trial court sentenced the defendant as a Range I offender to a term of confinement of twelve years in the Department of Correction.

The defendant presents two issues for review. He contends that the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he is guilty beyond a reasonable doubt of aggravated robbery. He also contends that the trial court erred by permitting the State to amend the indictment prior to trial, and, thereafter, by refusing to grant his motion for a continuance. We find no error and, therefore, affirm the trial court.

The defendant and Billy R. Barrett were inmates at the Turney Center Industrial Prison in Only, Tennessee. They escaped during the early morning hours of June 12, 1993. Around the noon hour on June 13, 1993, the victim, Jess Lampley, was driving his pickup truck along Barren Hollow Road in Humphreys County. Barrett and the defendant were on the side of the road with Barrett bent over as if sick. The defendant motioned for the victim to stop. After he stopped, the defendant advised the victim that Barrett was ill and needed medical attention. While the defendant distracted the victim, Barrett walked behind the victim's truck, opened the driver's door, and "jerked" the victim from his pickup. Barrett then struck the victim with an object rendering him unconscious. The defendant and Barrett took the money from the victim's wallet, threw him in a roadside ditch, and drove away in the victim's pickup truck. The defendant and Barrett were arrested several days later. The victim's pickup was recovered in Nashville.

The victim, who was approximately sixty-eight years of age when the robbery occurred, was taken to a hospital. Eight stitches were needed to close the

wound on his head. A criminal investigator for the Tennessee Highway Patrol went to the emergency room and presented an array of photographs to see if the victim could identify the culprit. He positively identified the defendant as the person who engaged him in conversation after he stopped to assist the defendant and Barrett. This identification occurred between 4:30 and 6:00 o'clock p.m.

At trial, the victim admitted that he did not know what Barrett had used when the latter struck him on his head. The victim testified that as a result of the blow, there had been a "whole lot of bleeding." He also could not identify the defendant. The record suggests that the defendant was clean-shaven when the robbery occurred, but he had facial hair at the time of the trial. Also, the victim's health had drastically deteriorated.

Barrett testified as a defense witness. He stated that he and the defendant had parted ways prior to the robbery. According to Barrett, he had met a man by the name of Paul Miller. He insisted that the second person that had been involved in the robbery was Miller, not the defendant.

The appellant contends that the evidence is insufficient to sustain a conviction because (a) the victim failed to make a courtroom identification of the appellant and (b) the State failed to prove that Barrett possessed a dangerous weapon in the course of the robbery.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact

to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Before the defendant could be convicted in this case, the State of Tennessee was required to prove that he was the person who committed the crime in question. White v. State, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975). Whether the State carried its burden of proof that the defendant committed the crime in question was a question of fact for the determination of the jury after consideration of the proof submitted at the trial. State v. Crawford, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982).

In this case, the State introduced evidence that the victim made a positive identification of the defendant as the person who had signaled him to stop and had told

4

him that Barrett was ill and needed medical attention. While it is true that the victim did not make an in-court identification, it appears that the defendant's physical appearance had changed since the day of the crime. Also, the victim's health had deteriorated following the robbery. A courtroom identification is not a prerequisite to a conviction for a criminal offense. The jury determined that the State had proven the defendant's identity beyond a reasonable doubt. There is sufficient evidence to support the jury's verdict.

To convict the defendant of robbery, the State must prove beyond a reasonable doubt that there was an intentional or knowing theft of property from the person of the victim by violence or putting the victim in fear. T.C.A. § 39-13-401(a). To convict of aggravated robbery, the State must prove beyond a reasonable doubt the elements of robbery and that the offense was "[a]ccomplished with a deadly weapon or by the display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon," or that the victim suffered serious bodily injury during the course of the robbery. T.C.A. § 39-13-402(a).

A "deadly weapon", as used in the robbery statutes, is defined in T.C.A. § 39-11-106(a)(5):

> (A) A firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or
>
> (B) Anything that in the manner of its use or intended use is capable of causing death or serious bodily injury;

The term "serious bodily injury", as used in the robbery statutes, is defined in T.C.A. § 39-11-106(a)(33) as:

> (A) A substantial risk of death;
>
> (B) Protracted unconsciousness;

5

(C)  Extreme physical pain;

(D)  Protracted or obvious disfigurement; or

(E)  Protracted loss or substantial impairment of a function of a bodily member, organ or mental faculty.

The victim testified that he did not know what Barrett had used when he struck him on the head.  Barrett, however, testified that he had hit the victim on the head with a crushed, crumpled beer can.  We agree with the defendant that the State failed to establish that Barrett used a "deadly weapon" during the commission of this offense.  The proof leaves us to speculate as to the type of weapon.

The defendant likewise contends that the State failed to establish that the victim suffered "serious bodily injury" during the robbery.  We do not agree.  Although admittedly this is a close issue, we find that there is sufficient evidence to support the verdict of the jury.

The defendant was rendered unconscious by a blow to the head with "something pretty hard" and experienced "a whole lot of bleeding."  The victim's vehicle was taken and he was abandoned in a ditch along a county road to be discovered later by a man walking his dog.  Eight stitches were required to close the wound on the victim's head.  The record is unclear as to how long the victim remained along the roadside. However, he testified that it happened around midday and when the officer talked with him he was still on the emergency room bed at some time between 4:30 and 6:00 o'clock p.m.  We think that these facts, coupled with the victim's age, are sufficient to support a finding of "serious bodily injury" by creating a substantial risk of death.

In his second issue the defendant complains of the trial court's allowance of an amendment to the indictment and denial of a continuance.  The State filed a written

motion on June 22, 1994, to amend the presentment. The motion stated in part: "Line fifteen (15) of the presentment in this cause cites 'T.C.A. 39-13-402' when in fact it should cite 'T.C.A. 39-13-403.'" The motion was heard on the morning of trial, before voir dire commenced. The trial court granted the State's motion over the vigorous objection of the defendant.

The factual allegations contained in the presentment alleged the offense of especially aggravated robbery, as set out in T.C.A. § 39-13-403. However, the presentment stated that the offense was in violation of T.C.A. §39-13-402, which defines the offense of aggravated robbery. The amendment simply changed the code sections so that the proper section was alleged in the indictment.

Our rules allow an amendment to an indictment before jeopardy attaches if no additional or different offense is charged and no substantial rights of the defendant are prejudiced. See Tenn. R. Crim. P. 7(b). Obviously, jeopardy had not attached, and no additional or different offense was charged. Therefore, the only inquiry which we must examine is whether or not the defendant was prejudiced by the amendment.

It is well-established that the recitation of a code section in a charging instrument is mere surplusage. State v. Bowers, 673 S.W.2d 887, 888 (Tenn. Crim. App. 1984). Therefore, the inclusion of the wrong code section does not affect the validity of the charging instrument if the factual allegations allege the appropriate offense. Bowers, 673 S.W.2d at 888.

The record reflects that the motion to amend was made before jeopardy attached, that no additional or different offense was charged as a result of the amendment, and that the "substantial rights" of the defendant were not prejudiced. Therefore, the trial court did not abuse its discretion by granting the motion to amend the

7

presentment or in denying a continuance..

The judgment of the trial court is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE H. WALKER, III, Special Judge