# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

FILED

October 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

CHRIS KENDAL TIPTON,       )
                          )
       Appellant          )      No. 02C01-9607-CC-00240
                          )
vs.                       )      HENRY COUNTY
                          )
STATE OF TENNESSEE,       )      Hon. JULIAN P. GUINN, Judge
                          )
       Appellee           )      (Post-Conviction)


For the Appellant:                  For the Appellee:

VICTORIA L. DiBONAVENTURA           CHARLES W. BURSON
P. O. Box 1231                      Attorney General and Reporter
Paris, TN  38242
                                    DEBORAH A. TULLIS
                                    Assistant Attorney General
                                    Criminal Justice Division
                                    450 James Robertson Parkway
                                    Nashville, TN 37243-0493


                                    ROBERT "GUS" RADFORD
                                    District Attorney General
                                    Post Office Box 686
                                    Huntington, TN  38344



OPINION FILED: _____

AFFIRMED



**David G. Hayes**
Judge

# OPINION

The appellant, Chris Kendal Tipton, appeals the Henry County Circuit Court's dismissal of his petition for post-conviction relief. On November 18, 1992, a jury found the appellant guilty of one count of aggravated rape.[1] Following the sentencing hearing, the trial court imposed a sentence of twenty years in the Department of Correction. His conviction and sentence were affirmed by this court on direct appeal. See State v. Tipton, No. 02C01-9305-CC-00099 (Tenn. Crim. App. at Jackson, May 4, 1994), perm. to appeal denied, (Tenn. Sept. 12, 1994). An amended petition for post-conviction relief was filed on November 27, 1995. Subsequently, an evidentiary hearing was held and, on April 16, 1996, the post-conviction court dismissed the petition finding that the appellant's claims were previously determined by this court on direct appeal and that the record is void of an abridgement of any constitutional right. In this appeal, the appellant alleges that he was denied his constitutional right to the effective assistance of trial counsel. As evidence of his claim, the appellant specifically contends that:

> I. Counsel failed to inspect the State's evidence until the day prior to the trial;
>
> II. Counsel failed to file pretrial motions in compliance with local court rules;
>
> III. Counsel failed to object to testimony relating to the aggravated assault upon the victim;
>
> IV. Counsel failed to move for a judgment of acquittal at the

---

[1]In February, 1992, after an evening at a friend's house of partying which involved the use of alcohol and drugs, the appellant, the victim, and Kevin Craig relocated to Craig's house to continue their socializing. Apparently, each member of the group was intoxicated, and Craig eventually "passed out." The appellant began "touching" the victim, whose pleas for help from the "passed-out" Craig were fruitless. At this point, Craig's sister, Kelli Maczalla arrived at the residence. Still angered from a previous incident, Maczalla hit the victim twice with a board and the two struggled. The appellant held the victim's hands while Maczalla brutally hit her in the face and head with a wrench. The appellant then disrobed the victim and penetrated her vaginally. Throughout the rape, Maczalla stood overhead threatening the victim with more physical harm. In a joint indictment, the appellant was charged with the aggravated rape of the victim resulting in bodily injury, while his co-defendant, Maczalla, was charged with aggravated assault. However, their trials were severed with Maczalla ultimately pleading guilty to aggravated assault. At the appellant's trial, the appellant relied upon the defense of consent and called Maczalla to support this position.

2

close of the State's case in chief; and

V. Counsel failed to challenge the sufficiency of the indictment on the grounds that it failed to allege a *mens rea* and is devoid of any factual allegation.

Following a thorough review of the record, we affirm the trial court's dismissal of the appellant's petition.[2]

## I. Analysis

In post-conviction proceedings, the appellant bears the burden of proving the allegations in his petition by a preponderance of the evidence. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). Moreover, this court is bound by the trial court's findings of fact unless the evidence preponderates against those findings. Id.

When a claim of ineffective assistance of counsel is raised, the appellant bears the burden of showing that the services rendered by trial counsel were deficient, i.e., whether counsel's performance was within the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

## A. Failure to Inspect Evidence

---

[2]Although we affirm the trial court's denial of relief on other grounds, we accredit the State's position that the appellant has waived his claims due to his failure to include appropriate references to the record in his argument. See Tenn. R. App. P. 27(g); see also State v. Killebrew, 760 S.W.2d 228 (Tenn. Crim. App. 1988).

The appellant contends that trial counsel was ineffective for failure to inspect evidence of photographs of the victim until the day prior to trial. We note that the appellant has waived review of this issue because he has failed to make any argument regarding this claim in his brief. See Tenn. R. App. P. 27(a)(7). Notwithstanding waiver, however, the appellant concedes that these pictures were unavailable to counsel until the day prior to the trial. Indeed, the appellant admits that the late inspection of these photographs was not due to neglect of trial counsel. Thus, there is no merit to this claim.

### B. Late Filing of Motion in Limine

The appellant next contends that trial counsel was ineffective for waiting until the day of trial to file pretrial motions. At the post-conviction evidentiary hearing, trial counsel testified that he waited to file his motion to exclude all photographs depicting the victim's injuries until the day of the trial in order to protect his defense strategy. Specifically, he stated that the State had charged the appellant "with aggravated rape and not aggravated assault and the photographs depicted the injuries that [the victim] had to her face and other parts of her body." The trial court denied this motion on the ground that it was late filed in violation of local court rules. However, during the trial, counsel did object to the introduction of each photograph on the ground that these photographs were "irrelevan[t] to the charge." His objections were overruled. On direct appeal, a panel of this court upheld the admission of these photographs. See Tipton, No. 02C01-9305-CC-00099. This court will not relitigate claims of error raised and determined previously by a court of competent jurisdiction although now couched in terms of ineffective assistance of counsel. See Swanson v. State, 749 S.W.2d 731, 833 (Tenn. 1988); State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987); see also Tenn. Code Ann. § 40-30-206(h) (1995 Supp.). Accordingly, this issue is without merit.

4

**C. Failure to Object to Testimony Regarding the Assault and Failure to Move for Judgment of Acquittal**

The appellant asserts that trial counsel erroneously interpreted the court's ruling denying his pretrial motion, *supra*, as "effectively" amending the indictment to include Tenn. Code Ann. § 39-13-502(a)(3), that the appellant was "aided or abetted by another," and that counsel proceeded to trial based upon this misinterpretation. Specifically, he contends that, due to this misconception, trial counsel failed to object to testimony of the aggravated assault, which established that a weapon was used by the co-defendant, Maczalla. Thus, he argues, that had counsel objected to this testimony, counsel could have moved for a judgment of acquittal at the close of the State's case-in-chief based upon the State's failure to prove that a weapon was used by the appellant as required by the indictment. This argument is flawed because the use of a weapon is not an element of the indicted offense.

Initially, we note that comprehension of the appellant's already circuitous argument is compounded by the fact that apparently both trial counsel and post-conviction counsel erroneously share the belief that the State was required to prove <u>both</u> (1) force and a deadly weapon <u>and</u> (2) bodily injury to the victim in order to secure a conviction for aggravated rape. <u>See</u> Tenn. Code Ann. § 39-13-502(a)(1), -502(a)(2). The <u>wording</u> of the indictment, however, clearly shows the State's prosecution for aggravated rape was based upon the element of "bodily injury" to the victim. The indictment charging the appellant with aggravated rape reads:

> . . . Chris Kendal Tipton. . .commit aggravated rape by having unlawful sexual penetration by force or coercion of one, Trina Blazer, causing bodily injury, in violation of Tenn. Code Ann. § 39-13-502(a)(1) <u>and</u> (2).

(emphasis added). Tenn. Code Ann. §39-13-502 (1990) defines aggravated rape as the:

. . .unlawful sexual penetration of a victim by the defendant. . . accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon. . .;

(2) The defendant causes bodily injury to the victim;

(3) The defendant is aided or abetted by one or more other persons. . . .

(emphasis added). Thus, we conclude that the language of the indictment was sufficient to give the appellant notice of the crime with which he was charged. Moreover, the recitation of a code section in a charging instrument is mere surplusage and not fatal thereto. State v. Bowers, 673 S.W.2d 887, 888 (Tenn. Crim. App. 1984). The State, in order to elevate the offense from rape to aggravated rape, was only required to show that the victim suffered bodily injury. Accordingly, the appellant's interpretation of the charging instrument is unfounded.

Additionally, this court has previously addressed trial counsel's misinterpretation of the trial court's pretrial ruling. See Tipton, No. 02C01-9305-CC-00099. On direct appeal, this court concluded that the court's ruling did not "effectively" amend the indictment. Id. Moreover, this court determined that, even absent any evidence of the aggravated assault, the proof was sufficient to find the appellant guilty of aggravated assault as charged in the indictment.[3] Tipton, No. 02C01-9305-CC-00099. Accordingly, we are unable to conclude that the appellant was prejudiced by trial counsel's misconstrued interpretation of the trial court's pretrial ruling.

Finally, a motion for a judgment of acquittal at the conclusion of the State's case is waived when the defendant chooses to offer proof in his own behalf. Mathis v. State, 590 S.W.2d 449, 453 (Tenn.1979). Trial counsel

---

[3]Specifically, this court found that Dr. Apple's testimony that the victim was bruised in the thigh and vulva areas established "bodily injury," as defined by Tenn. Code Ann. § 39-11-106(a)(2). See Tipton, No. 02C01-9305-CC-00099.

testified that the appellant insisted that his co-defendant, Maczalla, testify to support his contention that the penetration was consensual, and, in fact, this witness was subpoenaed by defense counsel. Notwithstanding this waiver, when a trial court is presented with a motion for judgment of acquittal, the only concern is the legal sufficiency, as opposed to the weight of the evidence. State v. Blanton, 926 S.W.2d 953, 957 (Tenn. Crim. App. 1996) (citation omitted). Again, on direct appeal, this court determined that the evidence was sufficient to sustain a conviction for aggravated rape. See Tipton, No. 02C01-9305-CC-00099. This issue has been previously determined and is without merit. See Swanson, *supra*.

### E. Sufficiency of the Indictment

Finally, the appellant contends that trial counsel was ineffective for failing to challenge the sufficiency of the indictment, based upon the indictments failure to allege a *mens rea*. In order for an indictment to satisfy both constitutional and statutory guidelines, it must contain the material elements of the offense and must sufficiently apprise the accused of the offense he is called upon to defend. State v. Tate, 912 S.W.2d 785, 789 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. § 40-13-202 (1990). As applicable to the present case, aggravated rape is defined as the "unlawful sexual penetration of a victim by the defendant" and the victim suffers bodily injury therefrom. Tenn. Code Ann. § 39-13-502(a)(2). No requisite mental state is included in the definition of the offense. When the legislature fails to define a specific mental state in the definition of an offense, proof of either intent, knowledge, or recklessness suffices to establish the culpable mental state. Tenn. Code Ann. § 39-11-301(c)(1991). Accordingly, the accused's mental state is not a material element of the offense and need not be included

in the indictment.  State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim.

App. at Knoxville, Jan. 31, 1997).  Other panels of this court have upheld the

validity of indictments under similar challenges.  See, e.g., Slagle v. State, No.

03C01-9704-CR-00145 (Tenn. Crim. App. at Knoxville, June 25, 1997); State

v. Vann, No. 03C01-9602-CC-00066 (Tenn. Crim. App. at Knoxville, June 10,

1997); State v. James, No. 01C01-9601-CR-00016 (Tenn. Crim. App. at

Nashville, Mar. 27, 1997); State v. Burrell, No. 03C01-9404-CR-00157 (Tenn.

Crim. App. at Knoxville, Feb. 11, 1997).  Contrary to the appellant's assertions,

the allegations in the indictment sufficiently apprise the accused of the offense

of aggravated rape by bodily injury.  The indictment is valid, and, consequently,

trial counsel was not ineffective for not challenging its validity.  This issue is

without merit.


## II.  Conclusion


The burden rests with the appellant to prove his allegations by a

preponderance of the evidence.  Taylor, 875 S.W.2d at 686.  The post-

conviction court found that the appellant failed to carry his burden of proof and

that the issues had previously been determined on direct appeal.  In

consideration of the foregoing and the record as a whole, we conclude that the

evidence does not preponderate against the trial court's findings which resulted

in a denial of relief.  Accordingly, we affirm the trial court's order denying the

appellant post-conviction relief.


_____

DAVID G. HAYES, Judge


8

CONCUR:


_____
JERRY L. SMITH, Judge


_____
THOMAS T. WOODALL, Judge