**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE**

| | |
|---|---|
| **SHONIE WARDELL CRISP,** | ) |
| | ) **C.C.A. NO. 01C01-9702-CR-00049** |
| Appellant, | ) |
| | ) **DAVIDSON COUNTY** |
| VS. | ) **(No. 91-S-858 Below)** |
| | ) **The Hon. Thomas H. Shriver** |
| **STATE OF TENNESSEE,** | ) |
| | ) **(Denial of Post-Conviction Petition)** |
| Appellee. | ) **AFFIRMED PURSUANT TO RULE 20** |

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Based on our review, we affirm the judgment of the trial court pursuant to Rule 20.

The appellant contends that the "reasonable doubt" jury instruction given by the trial court was constitutionally infirm because it included the phrase "moral certainty." This claim is without merit. In Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the United States Supreme Court expressed criticism of the continued use of the "moral certainty" phrase, however, the Court did not actually hold that it was constitutionally invalid. Instead, the Court looked to the full jury charge to determine if the phrase was placed in such a context that a jury would understand that it meant certainty with respect to human affairs. Id. at 13-17, 114 S.Ct. at 1247-48. In particular, the Court was concerned with the terms "grave uncertainty" and "actual substantial doubt." Cage v. Louisiana, 498 U.S. 39, 41, 111 S.Ct. 328, 329-30, 112 L.Ed.2d 339 (1990).

We note that the jury instruction was not included in this record on appeal, however, counsel for the appellant read the challenged portion to the trial court during the post-conviction hearing. From our review of this portion of the jury instruction, we find that although the phrase "moral certainty" was included, the terms of particular concern to the United States Supreme Court were not included in the charge. This Court has consistently upheld similar instructions as congruous with constitutional principles. See Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294. Moreover, our Supreme Court has held that "[t]he use of the phrase 'moral certainty' by itself is insufficient to invalidate an instruction on the meaning of reasonable doubt." State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, ___ U.S. ___,

115 S.Ct. 909, 130 L.Ed.2d 791 (1995).

Thus, the charge given by the trial court, although containing the phrase "moral certainty," did not violate the appellant's rights under the United States or Tennessee Constitutions.

The appellant also relies on the opinion of the federal district court in Rickman v. Dutton, 864 F.Supp. 686, 707 (M.D. Tenn. 1994). This Court is only required to follow the applicable constitutional rulings of the United States Supreme Court. See State v. McKay, 680 S.W.2d 447, 450 (Tenn. 1984), cert. denied, 470 U.S. 1034, 105 S.Ct. 1412, 84 L.Ed.2d 795 (1985); State v. Bowers, 673 S.W.2d 887, 889 (Tenn. Crim. App. 1984). See also, State v. Vickers, 159 Ariz. 532, 768 P.2d 1177, 1188 n.2 (1989), cert. denied, 497 U.S. 1033, 110 S.Ct. 3298, 111 L.Ed.2d 806 (1990) (Arizona Supreme Court refuses to follow Ninth Circuit's invalidation of Arizona death penalty statute).

Having reviewed the appellant's brief, the state's motion, and the entire record, we find that the state's motion is well taken.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules is granted and the judgment of the trial court is affirmed. The appellant being indigent, costs are taxed to the state.

ENTER, this the _____ day of September, 1997.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE