IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

February 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| VANCE MCCASLIN, | ) | No. 01C01-9611-CC-00480 |
| | ) | |
| Appellant | ) | |
| | ) | HICKMAN COUNTY |
| V. | ) | |
| | ) | HON. H. DENMARK BELL, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |
| | ) | |
| | ) | |

For the Appellant:

Vance McCaslin
Turney Center 4B
Route 1
Only, TN 37140-9709

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Joseph D. Baugh, Jr.
District Attorney General
Williamson County Courthouse
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Vance McCaslin, appeals as of right the dismissal by the Hickman County Circuit Court of his petition seeking a writ of habeas corpus. On appeal, appellant contends that his convictions are void because of erroneous jury instructions at his trial and because he received the ineffective assistance of counsel. Finding no error in the trial court's summary dismissal, we affirm the judgment.

Appellant was convicted of aggravated rape and aggravated kidnapping in 1982. Trial error was discovered on appeal to this Court and a new trial was conducted. See State v. Vance McCaslin, No. 82-225-III (Tenn. Crim. App. at Nashville, October 7, 1983). In 1984, a jury again convicted him of aggravated rape and aggravated kidnapping and appellant received an effective sentence of 101 years. On appeal for the second time, this Court affirmed those convictions and sentences. See State v. Vance McCaslin, No. 85-51-III (Tenn. Crim. App. at Nashville, June 14, 1985), perm. app. denied (Tenn. 1985).

On August 29, 1996, appellant filed a petition seeking a writ of habeas corpus. He alleged that unconstitutional jury instructions on reasonable doubt and the ineffective assistance of counsel rendered his convictions void. Upon motion of the State, the trial court summarily dismissed appellant's petition.

A writ of habeas corpus is an extraordinary remedy and has application only in very narrow and limited circumstances. Our supreme court has stated:

> Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (internal quotations omitted) (emphasis added). As it is commonly understood, habeas corpus relief is available only when a judgment is void, not merely when the judgment is voidable. See id at 161-62. See also Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citations omitted).

2

This is in contrast to post-conviction procedures, which entitle a petitioner to relief upon a showing of either a void or voidable judgment. See Tenn. Code Ann. §40-30-203 (Supp. 1996). Here, in spite of an articulate and thorough petition, the appellant has failed to demonstrate that his convictions are void.

As a general rule, neither erroneous jury instructions nor the ineffective assistance of counsel entitle a petitioner to habeas corpus relief. Even if taken as true, such allegations only render a conviction voidable, not void. See e.g. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); Elwood Dewayne Howard v. David Mills, No. 01C01-9603-CC-00099 (Tenn. Crim. App. at Nashville, January 16, 1997), perm. app. denied (Tenn. 1997); Frank Glen Hall v. David Mills, No. 01C01-9510-CC-00352 (Tenn. Crim. App. at Nashville, September 13, 1996), perm. app. denied (Tenn. 1996); Chester Ray Hall v. David Mills, No. 01C01-9510-CV-00339 (Tenn. Crim. App. at Nashville, August 1, 1996), perm. app. denied (Tenn. 1996); Isaac Lydell Herron v. Fred Raney, No. 02C01-9502-CC-00033 (Tenn. Crim. App. at Jackson, July 19, 1995); perm. app. denied (Tenn. 1995). As a result, appellant's grounds are not cognizable in a petition seeking a writ of habeas corpus.

Moreover, we note that challenges to jury instructions nearly identical to those in appellant's case have been repeatedly rejected by our courts. See e.g. State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed. 2d 791(1995); Pettyjohn v. State, 885 S.W.2d 364, 365 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993); Michael Eugene Sample and Larry McKay v. State, No. 02C01-9505-CR-00129 (Tenn. Crim. App. at Jackson, September 30, 1996), perm. app. denied (Tenn. 1997). Therefore, even if the claim was cognizable in this proceeding, it would be meritless.

Appellant's reliance on authority from a federal district court is not persuasive. See Groseclose v. Bell, 895 F.Supp. 935 (M. D. Tenn. 1995); Rickman v. Dutton, 864 F.Supp. 686 (M. D. Tenn. 1994); Austin v. Bell, No. 3:89-0293 (M. D. Tenn. filed

3

January 26, 1996).[1] Moreover, with regard to federal authority, we are bound only by the applicable constitutional rulings of the United States Supreme Court. State v. McKay, 680 S.W.2d 447, 450 (Tenn. 1984); State v. Bowers, 673 S.W.2d 887, 889 (Tenn. Crim. App. 1984).

After reviewing the judgments in this case, we are unable to find any infirmity on their face. The judgments were rendered by a trial judge of the Giles County Circuit Court for crimes committed by the appellant in Giles County. Therefore, the trial court had jurisdiction of the appellant, the criminal offenses which he committed, and authority to make the judgment. See Passarella, 891 S.W.2d at 627. Nothing on the face of the judgment indicates that the court was without jurisdiction or authority to order the sentence. Neither has appellant demonstrated that his sentence has expired.

Upon concluding that appellant has failed to present any ground cognizable in a habeas corpus proceeding and that procedural rules[2] bar his petition as one for post-conviction relief, we affirm the trial court's dismissal of appellant's petition.

_____
William M. Barker, Judge


_____
Joe B. Jones, Presiding Judge



_____
Joe G. Riley, Judge

_____

[1] We note that the Sixth Circuit has reviewed these district court decisions. Groseclose v. Bell, 103 F.3d 1161 (6th Cir. 1997); Rickman v. Bell, Nos. 94-5721/6232/6538 (6th Cir. filed December 2, 1997); Austin v. Bell, 126 F.3d 843 (6th Cir. 1997). However, the constitutionality of the reasonable doubt jury instruction was addressed in only one decision and upheld as constitutional. Austin, 126 F.3d at 847.

[2] Appellant concedes that his petition was filed outside the statute of limitations for post-conviction relief. Tenn. Code Ann. §40-30-202 (Supp. 1996). We note also that his petition was not filed in the court of conviction as required by our Post-Conviction Act. Tenn. Code Ann. §40-30-204(a) (Supp. 1996).