IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2016

## ROOSEVELT BIGBEE, JR. v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15783      Robert L. Jones, Judge**

_____

**No. M2016-00440-CCA-R3-HC – Filed November 29, 2016**

_____

The Petitioner, Roosevelt Bigbee, Jr., appeals the dismissal of his habeas corpus petition in which he challenged the legality of his convictions for first degree murder and robbery and his sentences of life for the murder conviction and eleven years for the robbery conviction, to be served consecutively. After a thorough review of the record, we conclude that the petition was properly dismissed, and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., AND NORMA MCGEE OGLE, J., joined.

Roosevelt Bigbee, Jr., Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted of first degree murder and robbery by the use of a deadly weapon. He was sentenced to life for the murder conviction and eleven years for the robbery conviction, to be served consecutively. On direct appeal, this court rejected the Petitioner's argument that the evidence was insufficient to support his convictions and upheld the judgment of the trial court. *See State v. Roosevelt Bigbee*, No. 01-C019106CC00173, 1992 WL 75849, at *1 (Tenn. Crim. App. Apr. 16, 1992).

The Petitioner then filed a petition for the writ of habeas corpus, arguing that his convictions violate double jeopardy principles and that he is entitled to "good-time credits." The trial court granted the State's motion to dismiss without a hearing. The Petitioner now appeals.

## ANALYSIS

The granting or denial of a petition for the writ of habeas corpus is a question of law reviewed de novo with no presumption of correctness. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). The petitioner bears the burden of showing by a preponderance of the evidence that the sentence is void or his confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. The writ, guaranteed constitutionally, is regulated statutorily. *See* T.C.A. §§ 29-21-101 *et seq.* The grounds upon which the writ will be granted in Tennessee are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

Habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered, that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quotations omitted). In other words, a habeas corpus petition will only be successful where the judgment challenged is void and not merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). "A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity," whereas "[a] void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citations omitted). In deciding whether a judgment is void, the question "is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it." *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

The Petitioner argues that his judgment is void and, thus, unconstitutional under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution because the indictment for felony murder contains a citation to the robbery statute when indicating the underlying felony. The Petitioner was charged in the indictment for felony murder as follows:

And the Grand Jurors aforesaid, upon their oath aforesaid, do further present and say that on the date aforesaid, and in the State and County aforesaid, the said JOEL PATRICK HOOSIER, JOE T. BAKER and ROOSEVELT BIGBEE unlawfully and feloniously did kill and murder Vada E. Langston, a reasonable creature in being and under the peace of the State, in the perpetration of the crime of Robbery, that of feloniously, willfully and maliciously, that of taking property from the person of Vada E. Langston against her will by the use of physical force or violence, and by putting her in the fear by threats and intimidation, all this with the intent to permanently deprive said victim of the property, in violation of TCA 39-2-501 and against the peace and dignity of the State of Tennessee.

Although the indictment cited to the robbery statute in clarifying the underlying felony and did not cite to the felony murder statute, the language in the remainder of the count makes clear that the Petitioner was indicted for felony murder. We note that a citation to the statute is not necessary to establish the charged offense in the indictment. *Malone v. State*, 707 S.W.2d 541, 543 (Tenn. Crim. App. 1985). Here, when the charge is read in whole, it is clear that the Petitioner was charged with felony murder and that the predicate felony statute citation is simply included in the charge. Even if the citation was erroneous, its inclusion is "mere surplusage" when the charge is read in whole and is "not fatal to the charging instrument." *State v. Bowers*, 673 S.W.2d 887, 888 (Tenn. Crim. App. 1984) (citations omitted). The Petitioner failed to establish a double jeopardy violation and, therefore, is not entitled to relief. *Id.* ("[U]nless an accused can show a substantial right was prejudiced by an alleged or actual variance a conviction will not be set aside thereon.").

The Petitioner also argues that his sentence is expired because he is entitled to sentence reduction credits for "good-time" served thus far and that he should accordingly be released. The Petitioner was sentenced to life in prison for the felony murder conviction and eleven years for the robbery conviction to be served consecutively, and the TOMIS report he appended to his petition shows a release eligibility date of May 7, 2051. As an initial matter, the record indicates that the trial court awarded the Petitioner pretrial jail credit. The Petitioner claims that when his pretrial jail credits and his "good-time" jail credits are combined with his sixty percent release eligibility for felony murder committed prior to 1995, the release eligibility date has already been reached. *See* T.C.A. § 40-35-501(h)(1). We note that the Petitioner's sentences were to be served consecutively, and that even if he had served his sentence for felony murder, his sentence for robbery would not have expired. In any event, we cannot consider the Petitioner's claim of "good-time" credit, because this court has held that "claims for post-judgment jail credit are not cognizable habeas corpus claims." *Yates v. Parker*, 371 S.W.3d 152,

156 (Tenn. Crim. App. 2012). Rather, "[t]he proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively." *Id.* at 155. Accordingly, we hold that the Petitioner is not entitled to relief on the basis of post-judgment jail credit.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE
